252 F.2d 102
 deLesseps S. MORRISON, Individually and as Mayor of the City
of New Orleans, Provosty A. Dayries, Individually and as
Superintendent of Police of the City of New Orleans and New
Orleans Public Sevice, Inc., Appellants,
v.
Abraham L. DAVIS, Jr. and William R. Adams, Appellees.
 No. 16886.
 United States Court of Appeals Fifth Circuit.
 Feb. 19, 1958, Rehearing Denied March 28, 1958, Writ of
Certiorari Denied May 26, 1958, See 78 S.Ct. 1008.
 
 Jack P. F. Gremillion, Atty. Gen. of La., George M. Ponder, 1st Asst. Atty. Gen., Alvin J. Liska, City Atty. of New Orleans, Gibbons Burke, New Orleans, La. (Joseph H. Hurndon, Ernest L. Salatich, Asst. City Attys., New Orleans, La., William P. Schuler, Asst. Atty. Gen., for State of Louisiana. A. J. Waechter, Jr., Floyd W. Lewis, New Orleans, La., on the brief), for New Orleans Public Service, Inc.
 A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La. (Earl J. Amedee, Israel M. Augustine, Jr., Louis Berry, Robert F. Collins, Alvin Jones, Revius O. Ortique, Jr., New Orleans, La., of counsel), for appellee.
 Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal from a final injunction following a summary judgment for the plaintiffs declaring unconstitutional all laws of the State of Louisiana requiring segregation of the races on buses, street cars, street railways or trolley buses, and enjoining defendant officials and public service corporations from enforcing such statutes is controlled in all respects by Browder v. Gayle (the City of Montgomery bus case), D.C., 142 F.Supp. 707, affirmed without opinion by the Supreme Court in 352 U.S. 903, 77 S.Ct. 145, 1 L.Ed.2d 114.
 
 
 2
 That case disposes of the contention that the federal court should not grant an injunction against the application or enforcement of a state statute, the violation of which carries criminal sanctions. This is not such a case as requires the withholding of federal court action for reason of comity, since for the protection of civil rights of the kind asserted Congress has created a separate and distinct federal cause of action. 42 U.S.C.A. 1983. Whatever may be the rule as to other threatened prosecutions, the Supreme Court in a case presenting an identical factual issue affirmed the judgment of the trial court in the Browder case in which the same contention was advanced. To the extent that this is inconsistent with Douglas v. City of Jeannette, Pa., 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, we must consider the earlier case modified. Moreover we think the trial court here properly held: 'It is not the Court's view that in our civilization it is necessary to have incidents requiring arrests to have the rights of people declared.' These plaintiffs are not being prosecuted; they have not violated the state law; they are seriously affected by the provision of the statute which places a criminal penalty on the street car operators who permit them to travel on a street car without complying with the unconstitutional statute. They are asking relief from such constraint. Since all transportation can be denied them under the statute unless they obey the illegal requirement, it is not even apparent that they could put themselves in position to be arrested and prosecuted even if they sought to test their constitutional rights in that manner, which we hold they do not have to do.
 
 
 3
 The only other contention raised by appellants here are either ruled by the cases affecting admission to state educational institutions, or are so plainly and fully disposed of in the Montgomery bus case as not to require further elaboration here.
 
 
 4
 The judgment is Affirmed.