STATE OF GEORGIA, and the Public Service Commission of the State of Georgia, Plaintiffs,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

Civ. A. No. 7758.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 19, 1961.

----◆----

Eugene Cook, Atty. Gen. of Georgia, for plaintiff.

Charles Goodson, U. S. Atty., Atlanta, Ga., for the United States.

Leonard S. Goodman, Washington, D. C., for Interstate Commerce Commission.

Before TUTTLE, Circuit Judge, and HOOPER and MORGAN, District Judges.

814

PER CURIAM.

This suit was filed by the State of Georgia and the Public Service Commission of the State of Georgia under the provisions of Title 28 U.S.C.A. §§ 1336, 1398, 2284, and 2321 through 2325, seeking to enjoin, annul and set aside the order of the Interstate Commerce Commission of the United States, entered September 22, 1961, in the proceeding known as *Discrimination in Operations of Interstate Motor Carriers of Passengers*, Docket No. MC–C–335. The parts of the specified order that are attacked by the State of Georgia are as follows:

"180a(1) *Discrimination prohibited.* No motor common carrier of passengers subject to section 216 of the Interstate Commerce Act shall operate a motor vehicle in interstate or foreign commerce on which the seating of passengers is based upon race, color, creed, or national origin.

"180a(4) *Discrimination in terminal facilities.* No motor common carrier of passengers subject to section 216 of the Interstate Commerce Act shall in the operation of vehicles in interstate or foreign commerce provide, maintain arrangements for, utilize, make available, adhere to any understanding for the availability of, or follow any practice which includes the availability of, any terminal facilities which are so operated, arranged, or maintained as to involve any separation of any portion thereof, or in the use thereof on the basis of race, color, creed, or national origin."

The State's principal attack on the validity of the Interstate Commerce Commission order is based upon Section 202 (b) of the Interstate Commerce Act, 49 U.S.C.A. § 302(b), which provides as follows:

"(b) Nothing in this chapter shall be construed to affect the powers of taxation of the several States or to authorize a motor carrier to do an intrastate business on the highways of any State, or to *interfere with the exclusive exercise by each State of the power of regulation of intrastate commerce by motor carriers on the highways thereof.*" (Emphasis added.)

The State also contends that the Interstate Commerce Commission lacks the power to issue an order having general application against carriers certificated by it to implement the provisions of Section 216(b) of the Interstate Commerce Act, 49 U.S.C.A. § 316(d), on the theory that Section 216(d) (the anti-discrimination section of the Act) is self-executing and may not be implemented by orders of the Commission.

The State further contends that even though general implementing orders should be held proper to implement Section 216(d), nevertheless the Commission failed to follow the procedural steps required before issuing the particular order here involved.

Finally, the State contends that there is no sufficient factual basis for the finding by the Commission of the need for the challenged order since no showing was made that any particular carrier in any particular part of the United States was actually violating the anti-discrimination terms of Section 216(d) of the Act.

It is the thrust of the State's contention that the effect of the order, which on its face purports to prohibit the use of interstate instrumentalities if they are operated on a racially segregated basis, is to regulate intrastate commerce. This, the State says, results from the fact that economic necessity dictates that the same vehicles and terminal facilities be used in both interstate and intrastate transportation.

It seems that there can be no longer any doubt but that the Interstate Commerce Commission has full power over the regulation of both vehicles and facilities of common carriers engaged in interstate commerce. See Southern Railway Co. v. United States, 222 U.S. 20, 32 S.Ct. 2, 56 L.Ed. 72; Morris v. McComb, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44.

In view of the fact that the present order deals expressly with vehicles when used in interstate commerce and terminal facilities when used in interstate commerce, it seems to follow that this is an order regulating vehicles and facilities of interstate commerce rather than, as the State contends, the subject matter of intrastate commerce. We hold that to the extent that such regulation of interstate vehicles and facilities affects strictly intrastate matters, this effect is incidental. Such effect as may follow from the economic necessities touching on the operation of the motor carrier industry can not, we think, prevent the exercise by the Interstate Commerce Commission of its recognized right to regulate interstate commerce. Of course, nothing in the order and nothing here decided by us touches in any way the power of the Georgia Public Service Commission to regulate purely intrastate motor carrier transportation in any manner that has heretofore been legally open to it.

■ Touching on the second contention of the State, we believe that the Interstate Commerce Commission has the power to implement Section 216(d) by the issuance of a general order in the manner which was done in this case. See Assigned Car Cases, 274 U.S. 564, 47 S.Ct. 727, 71 L.Ed. 1204; American Trucking Ass'ns, Inc. v. United States, 344 U.S. 298, 73 S.Ct. 307, 97 L.Ed. 337; and S. E. C. v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626, and 332 U.S. 194, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995.

■ We find no basis for the State's contention that procedurally the Interstate Commerce Commission lacked power to issue the order complained of. Moreover, we find that the record of the proceedings before the Commission adequately supports the findings of the Commission to the effect that the policy of requiring racial segregation in the facilities used for interstate commerce has been practiced on such a regular basis that "case by case action initiated by individual complaints under Section 216(e), standing alone, is not an adequate remedy." The existence of statutes in many states expressly requiring segregation by race in these facilities, of which of course the Commission and this Court takes judicial notice, would be an adequate basis for the Commission's finding to this effect.

We conclude, therefore, that the order of the Interstate Commerce Commission may not be set aside for any of the reasons asserted in this suit. We hold, therefore, that the order entered by the Interstate Commerce Commission in Docket MC–C–3358 is a valid and binding order of the Interstate Commerce Commission. The prayer for injunction and other relief, therefore, must be denied.