UNITED STATES of America
and
Interstate Commerce Commission
v.
Albin P. LASSITER et al.

UNITED STATES of America
and
Interstate Commerce Commission
v.
Ragan D. MADDEN et al.

UNITED STATES of America
and
Interstate Commerce Commission
v.
F. Jean PHARIS et al.

Civ. A. Nos. 8567, 8612, 8593.

United States District Court
W. D. Louisiana,
Monroe and Alexandria Divisions.
Jan. 25, 1962.

St. John Barrett, United States Department of Justice, Washington, D. C., Bernard A. Gould, Interstate Commerce Commission, Washington, D. C., T. Fitzhugh Wilson, U. S. Atty. for Western District of Louisiana, Shreveport, La., for plaintiffs.

Jack P. F. Gremillion, Atty. Gen. of State of Louisiana, George M. Ponder, Asst. Atty. Gen. of State of Louisiana, William P. Schuler, Asst. Atty. Gen. of State of Louisiana, F. Jean Pharis, Dist. Atty. for 9th Judicial District of State of Louisiana, Alexandria, La., A. M.

D'Angelo, Asst. Dist. Atty. for 9th Judicial District of State of Louisiana, Alexandria, La., Ragan D. Madden, Dist. Atty. for 3rd Judicial District of State of Louisiana, Ruston, La., for defendants State District Judges and District Attorneys.

Grove Stafford and John L. Pitts, Stafford & Pitts, Alexandria, La., for defendant Continental Southern Lines, Inc.

Arthur R. Carmody, Jr., Wilkinson, Lewis, Madison and Woods, Shreveport, La., for defendant Kansas City Southern Ry. Co.

T. W. Holloman, White, Holloman & White, Alexandria, La., for defendant Louisiana & Arkansas Ry. Co.

Before BROWN and WISDOM, Circuit Judges, and DAWKINS, Jr., and PUTNAM, District Judges.

PER CURIAM.

These three cases having come on for hearing on January 5, 1962, upon the plaintiffs' motions for preliminary injunctions and each of the plaintiffs and defendants being represented by counsel, the Court having heard testimony and argument, all parties having stipulated that the evidence and argument might be considered by the Court in each of these cases in connection with the granting or denial of permanent injunctive relief, and the Court being of the view that the plaintiffs are entitled to judgment, the Court now enters its findings of fact, its conclusions of law and final decree. The findings are based upon evidence which is entirely uncontradicted and most of which was agreed to by stipulation of the parties prior to the hearing. The findings, conclusions and decree are entered by Circuit Judges BROWN and WISDOM and District Judge DAWKINS in Actions Nos. 8567 and 8593, and by Circuit Judges BROWN and WISDOM and District Judge PUTNAM in Civil Action No. 8612. Each Judge subscribes to and adopts as his own findings, conclusions and decree all of the findings, conclusions and decree of the Court in each case upon which he sat and joined in rendering judgment.

## FINDINGS OF FACT

1. Continental Southern Lines, Inc., is a common carrier by motor vehicle engaged in the transportation of passengers in interstate and intrastate commerce to, from and through Alexandria, Monroe, and Ruston, Louisiana. The Interstate Commerce Commission has issued to Continental a certificate of public convenience and necessity authorizing and requiring it to provide transportation of passengers, baggage, express, mail and newspapers in interstate commerce to and from those three cities. The Louisiana Public Service Commission has issued a similar certificate to Continental with respect to transportation in intrastate commerce. In the discharge of its obligation under these certificates and for the comfort and convenience of its passengers, Continental maintains passenger terminals in Alexandria, Monroe and Ruston.

2. The Louisiana & Arkansas Railway Company (hereinafter referred to as L & A) is a common carrier by rail engaged in the transportation of passengers in interstate commerce to, from and through Alexandria, Louisiana. One hundred percent of the stock of L & A is owned by The Kansas City Southern Railway Company (hereinafter referred to as K C S). A majority of the officers and at least some of the operating employees of the two railways are common employees of both. The L & A owns and operates a passenger terminal in Alexandria in discharge of its obligations under the Interstate Commerce Act and for the comfort and convenience of its passengers. The passenger trains of the L & A which stop at the terminal are in through service between Kansas City, Missouri, and New Orleans, Louisiana.

3. On November 7, 1955, the Interstate Commerce Commission entered its order in Docket No. 31423 (297 ICC 335) requiring K C S to cease and desist, on or before January 10, 1956, and thereafter to abstain from practicing the undue and unreasonable prejudice and disadvantage found to exist by the Commission, including the maintenance in its terminals of waiting rooms designated for the exclusive use of Negro passengers. A copy of this order was served upon K C S.

4. On September 22, 1961, the Interstate Commerce Commission entered its order in a proceeding entitled "Discrimination on Operations of Interstate Motor Carriers of Passengers," Docket No. MC-C-3358, adding Section 180(a) to Title 49 of the Code of Federal Regulations. The regulations set forth in Section 180 (a) became effective on November 1, 1961, and provide, among other things, that no common carrier by motor vehicle in interstate commerce shall, in the operation of its vehicles in interstate commerce, provide, maintain arrangements for, utilize, make available, adhere to any understanding for the availability of, any terminal facilities which are so operated, arranged, or maintained as to involve any separation of any portion thereof or in the use thereof on the basis of race or color. The regulations further provide that the term "terminal facilities" includes waiting room, restroom, eating, drinking and ticket sales facilities which the carrier makes available to passengers of a motor vehicle operated in interstate commerce as a regular part of its transportation, and that the term "separation" includes the display of any sign indicating that any portions of the terminal facilities are operated, allocated, restricted, provided, available, used or otherwise distinguished on the basis of race or color.

5. On or about November 1, 1961, Continental, in compliance with the regulations of the Interstate Commerce Commission which became effective on that day, removed from its terminals in Alexandria, Monroe and Ruston, Louisiana, certain signs which it had previously maintained designating certain of the terminal facilities for the use of "white intrastate" passengers and other facilities for the use of "interstate passengers and colored intrastate" passengers. On November 6, K C S and the L & A, in compliance with the requirements of federal law, removed similar signs which they had previously maintained in the

L & A railway passenger terminal in Alexandria.

6. On November 1, 1961, Mack E. Barham, as Judge of the Fourth Judicial District of Louisiana, issued, upon petition of the State of Louisiana, brought by Albin P. Lassiter as District Attorney of that District, a temporary restraining order restraining Continental and Ernest Hall, its terminal manager in Monroe, from violating Sections 1301 through 1305 of Title 45 of Louisiana Revised Statutes and requiring Continental and Hall to replace in the terminal the signs removed on November 1. On November 3, 1961, Walter M. Hunter, as Judge of the Ninth Judicial District of Louisiana, issued, upon a like petition brought by F. Jean Pharis as District Attorney of that District, a similar temporary restraining order directed to Continental, its President Morgan W. Walker, its Vice President and General Manager R. W. McClendon, and its local terminal manager in Alexandria H. Paul Miller. On November 13, 1961, another and similar temporary restraining order was issued upon a like petition brought by Ragan D. Madden, District Attorney of the Third Judicial District of Louisiana, by J. R. Dawkins, Judge of that District, directed to Continental, Walker, McClendon and O. F. Nealy, operator of the terminal used by Continental in Ruston. Each of these three state court orders was complied with by Continental, its officers, employees and agents by replacing in the terminals in Alexandria, Monroe and Ruston the signs which had been removed on November 1.

7. On November 10, 1961, F. Jean Pharis filed a second petition for the State of Louisiana with the District Court for the Ninth Judicial District of Louisiana asking that K C S and the L & A be restrained from violating Sections 1301 through 1305 of Title 45 of the Louisiana Revised Statutes and requiring them to replace the signs which had been removed from the terminal on November 6. Judge Walter M. Hunter issued a temporary restraining order as prayed for and the two rail carriers, in compliance with the order, replaced the signs on or about November 11.

8. All of the signs above referred to are presently being maintained in the terminals and will continue to be maintained unless this Court grants injunctive relief.

9. The signs in the terminals have the effect of separating all passengers, whether interstate or intrastate, according to their race. No effort is made by the carriers or by the local officials to exclude white interstate passengers from the facilities designated for the use of white intrastate passengers and those facilities are in fact used by all white persons regardless of the character of their journey. On the other hand, the facilities designated for "interstate and colored intrastate" passengers are used exclusively by persons of the Negro race and are not used by white persons. Testimony of witnesses did show that on some unidentified occasions in the past Negroes were seated in the portion of the various bus stations reserved for "white intrastate passengers" and that they were not molested by the employees of the companies; they were not asked to find other seats; no report was made to local police authorities. It does not appear whether local authorities ever had knowledge of such occurrences. No action was taken by them. Likewise, testimony of the bus company personnel reflected that they did not examine tickets of any passenger to ascertain whether they were inter or intrastate travelers for the purpose of seating such persons in the terminal. The record further shows without contradiction, as reflected by the certified copy offered by the Attorney General of Louisiana in connection with the motion to dismiss for failure to join the Louisiana Public Service Commission as an indispensable party, that such Commission promulgated in 1939 the following mandatory rule as to motor carriers:

"All carriers transporting passengers shall segregate white and colored passengers, and shall provide equal but separate accommodations

for the white and colored races, by providing separate vehicles or separate compartments on each vehicle, or by dividing the vehicle by a partition or by a readily legible sign indicating such partition; and shall maintain at all its stations equal but separate waiting rooms or space, and separate ticket windows for the white and colored races."

10. The defendant district attorneys stipulate and the Court finds that they will, unless restrained by order of this Court, continue to enforce Sections 1301 through 1305 of Title 45 of the Louisiana Revised Statutes.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of these actions under Sections 1336 and 1345 of 28 U.S.C. and Sections 16(12), 43 and 322(b) of 49 U.S.C.

2. Inasmuch as the plaintiffs in each of these cases seek an injunction to restrain the enforcement, operation and execution of a statute of the State of Louisiana by restraining the action of officers of the State in the enforcement of the statute, each of these cases is properly heard by a court of three judges under 28 U.S.C. § 2281. Each of these cases being properly before a court of three judges, the Court may dispose of all issues which are raised in the cases. Florida Lime & Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960).

3. The Attorney General has standing to bring these suits in the name of the United States to restrain and remove an unconstitutional interference with and burden upon interstate commerce. In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); United States v. Mayor and Selectmen of McComb City, C.A.No. 3215 unreported (S.D. Miss., Nov. 22, 1961); United States v. U. S. Klans, Knights of Ku Klux Klan, 194 F.Supp. 897 (M.D.Ala., 1961). Insofar as these actions involve violations of Part II of the Interstate Commerce Act and regulations thereunder (bus terminals), the Interstate Commerce Commission may itself, or by its designated agent, maintain the actions under Section 322(b) of Title 49. I. C. C. v. Blue Diamond Products Co. (Three-judge court, D.C.S.D.Iowa, 1950) 93 F.Supp. 688. Insofar as these actions involve violations of Part I of the Interstate Commerce Act and the Commission's order of November 7, 1955 (railroad terminals), either the Interstate Commerce Commission or the Attorney General may maintain the action under the provisions of Section 16 (12) of Title 49. Both the rail and bus aspects of the litigation may be maintained by either the Commission or the Attorney General under 49 U.S.C. § 43.

4. The defendant district attorneys and judges of Louisiana are properly joined as parties defendant in these actions under 49 U.S.C. § 42. B & C Truck Leasing, Inc. v. I. C. C., 283 F.2d 163 (C.A.10, 1960); Lamb v. I. C. C., 259 F.2d 358 (C.A.10, 1958); Drum v. United States and I. C. C., 193 F.Supp. 275 (W.D.Okl., 1960).

5. In maintaining separate facilities for the separate use of the white and Negro races and in maintaining signs which designate those facilities for such use, Continental Southern Lines, Inc., is violating Paragraph 4 of Section 180a of Title 49 of the Code of Federal Regulations and Section 316(d) of Title 49 U.S.C.

6. The Kansas City Southern Railway and the Louisiana & Arkansas Railway, in maintaining separate facilities for the separate use of the white and Negro races in their passenger terminal in Alexandria and in maintaining signs designating the facilities for such use, are violating the terms of the Order of the Interstate Commerce Commission entered in Docket Number 31423 (N. A. A. C. P. v. St. Louis-San Francisco Railway Co., 297 I.C.C. 335) and Section 3(1) of Title 49 U.S.C.

7. Continental Southern Lines, Inc., The Kansas City Southern Railway and the Louisiana & Arkansas Railway, in maintaining separate facilities designated for the separate use of the white and

Negro races in their terminals in Alexandria, Monroe and Ruston, are violating the provisions of the Interstate Commerce Act even though they take no action to enforce such separate use. Baldwin v. Morgan, 287 F.2d 750 (C.A.5, 1961).

8. Sections 1301–1305 of Title 45 of the Louisiana Revised Statutes, in requiring the separation of passengers according to race in the terminal facilities of all common carriers and the posting of signs designating the facilities for such separate use, violate the equal protection clause of the Fourteenth Amendment and impose an undue burden upon interstate commerce in violation of the Commerce Clause of Article 1, Section 8 of the Constitution. Accordingly these sections of the Louisiana statutes are unconstitutional, null and void. Morgan v. Commonwealth of Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317 (1946); Mitchell v. U. S., 313 U.S. 80, 94, 61 S.Ct. 873, 877, 85 L.Ed. 1201, 1210 (1941).

9. Sections 1301–1305 of Title 45 of the Louisiana Revised Statutes, in requiring all common carriers to maintain signs designating certain of their terminal facilities for the separate use of intra-state passengers of the white race and other facilities for the separate use of all other passengers, is in conflict with the provisions of Paragraph 4 of Section 180a of the Code of Federal Regulations, of the Order of the Interstate Commerce Commission in Docket Number 31423 (N. A. A. C. P. v. St. Louis-San Francisco Railway Company, 297 I.C.C. 335) and of Sections 3(1) and 316(d) of Title 49 U.S.C., and they are accordingly unconstitutional, null and void under the Supremacy Clause of Article 6 of the Constitution. See State of Georgia v. U. S. and I. C. C., D.C.N.D.Ga., C.A.No. 7758, December 19, 1961, 201 F.Supp. 813; U. S. v. John J. Fraiser Jr., D.C.N.D. Miss., C.A.No. G-C-27-61, November 21, 1961; United States v. Mayor and Selectmen of McComb City, supra.

10. Upon the facts herein found the plaintiffs are entitled to injunctive relief as a matter of law. 49 U.S.C. §§ 16 (12), 42, 43 and 322(b); United States v. Wood, 295 F.2d 772 (C.A.5, October 27, 1961). Neither 28 U.S.C. § 2283 nor the so-called "doctrine of abstention" prevents the granting of such relief. Leiter Minerals, Inc., v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957); Morrison v. Davis, 252 F.2d 102 (C.A. 5, 1958), cert. denied, 356 U.S. 968, 78 S.Ct. 1008, 2 L.Ed.2d 1075; United States v. Wood, supra.

11. (a) The Court requested the Attorney General of Louisiana to submit exceptions, comments, suggestions and criticisms of the proposed findings of fact, conclusions of law and decree to be submitted by the plaintiffs. This was done by letter memorandum dated January 12, 1962, addressed to the presiding Judge. This is ordered filed. To the extent not accepted, it is deemed overruled and full exception is hereby noted and allowed.

(b) The following motions of the Attorney General of Louisiana were made and overruled:

1. Lack of jurisdiction over the subject matter.

2. The failure to join an indispensable party, namely, the Louisiana Public Service Commission.

3. That the complaint failed to set forth grounds upon which relief could be granted.

4. That this was a case where the doctrine of abstention should be applied.

## DECREE

IT IS ORDERED that Continental Southern Lines, Inc., Morgan W. Walker, R. W. McClendon, Ernest Hall, H. Paul Miller and O. F. Nealy, together with their officers, employees, agents, representatives and all persons in active concert or participation with them, be and they hereby are enjoined:

(a) from maintaining or permitting the maintenance in the terminals used by Continental Southern Lines in Alexandria, Monroe and Ruston, Louisiana, any signs indicating that any portion of the

terminal facilities is separated, allocated, restricted, provided, available, used or otherwise distinguished on the basis of race or color;

(b) from failing forthwith to remove all signs presently located in the before-mentioned terminals which make any distinction in the use of the facilities upon the basis of race or color;

(c) from implementing or in any other way giving force or effect to the provisions of Sections 1301 through 1305 of Title 45 of the Louisiana Revised Statutes, and

(d) from violating in any manner or by any means, in connection with the operation or use of any passenger terminals within Louisiana, of Paragraph 4 of Section 180a of Title 49 of the Code of Federal Regulations.

IT IS FURTHER ORDERED that The Kansas City Southern Railway Company and the Louisiana & Arkansas Railway Company, together with their officers, employees, agents, representatives, and all persons in active concert or participation with them, be and they hereby are enjoined:

(a) from maintaining or permitting the maintenance in the terminal used by The Kansas City Southern Railway and the Louisiana & Arkansas Railway in Alexandria, Louisiana, any signs indicating that any portion of the terminal facilities are separated, allocated, restricted, provided, available, used or otherwise distinguished on the basis of race or color;

(b) from failing forthwith to remove all signs presently located in the terminal used by The Kansas City Southern Railway and the Louisiana & Arkansas Railway in Alexandria which make any distinction in the use of the facilities upon the basis of race or color;

(c) from implementing or in any other way giving force or effect to the provisions of Sections 1301 through 1305 of Title 45 of the Louisiana Revised Statutes;

(d) from violating in any manner or by any means the order of the Interstate Commerce Commission entered on November 7, 1955, Docket No. 31423, N. A. A. C. P. v. St. Louis-San Francisco Railway Company (297 ICC 335); and

(e) from violating in any manner or by any means the provisions of 49 U.S.C. § 3(1) in the operation of terminals used by either of these rail carriers in the transportation of passengers in interstate commerce within the State of Louisiana.

IT IS FURTHER ORDERED that Albin P. Lassiter, F. Jean Pharis and Ragan D. Madden, together with their successors, agents, employees and all persons in active concert or participation with them, be and they hereby are enjoined:

(a) from proceeding further in Civil Action No. 63487 in the Fourth Judicial District of Louisiana; Civil Actions Nos. 56936 and 56978 in the Ninth Judicial District Court of Louisiana, or in Civil Action No. 18239 in the Third Judicial District Court of Louisiana, except to dismiss such actions, and from enforcing or taking any steps to enforce the temporary restraining orders heretofore issued by said courts in those actions;

(b) from enforcing or implementing in any manner or by any means the provisions of Sections 1301 through 1305 of Title 45 of the Louisiana Revised Statutes:

IT IS FURTHER ORDERED that the Court retains jurisdiction of each action and each of the defendants for such further orders and relief as may be appropriate in further implementation of this decree.

IT IS FURTHER ORDERED that each party bear its own costs.

The United States Marshal is directed to serve a copy of this order upon each of the defendants and upon the Governor and the Attorney General of the State of Louisiana by delivering a copy to each.