**UNITED STATES of America**

v.

**CITY OF SHREVEPORT, LOUISI-
ANA, et al.**

**Civ. A. No. 8888.**

United States District Court
W. D. Louisiana,
Shreveport Division.

Nov. 2, 1962.

Burke Marshall, Asst. Atty. Gen., St. John Barrett, Theodore R. Newman, Attys., U. S. Dept. of Justice, Washington, D. C., Edward L. Shaheen, U. S. Atty., Shreveport, La., for the Government.

J. N. Marcantel, and J. Bennett Johnston, Jr., Shreveport, La., for defendants.

BEN C. DAWKINS, Jr., Chief Judge.

The parties to this action having heretofore stipulated to all material facts and the case having been submitted upon the basis of written briefs, the Court now renders its findings of fact, conclusions of law, and decree, as follows:

## FINDINGS OF FACT

1. The Civil Aeronautics Board and the Administrator of the Federal Aviation Agency each requested that the United States Attorney for the Western District of Louisiana initiate this proceeding.

2. The defendant City of Shreveport owns and operates the Shreveport Municipal Airport, providing facilities and services for passengers, freight and mail transported by air carriers in interstate and foreign commerce. The governing body of the City is the defendant Commission Council of the City of Shreveport, whose members are the defendants Clyde E. Fant, John McW. Ford, H. Lane Mitchell, L. Ed Phelps, and J. Earl Downs. The defendants H. Lane Mitchell, as Commissioner of Public Works of the City, and Granville L. Moore, as Superintendent of Airports, are responsible for the operation of the Airport.

3. The defendant Dobbs House, Inc., operates a restaurant at the Airport in space which it leases from the City.

4. Among the facilities in the Airport are rest rooms for the comfort and convenience of air passengers in interstate commerce and of other persons. These rest rooms are separately designated by painted signs for members of the "white" race and for members of the "colored" race. Although these signs are maintained by the defendant City and the defendant city officials, no effort is made to en-

force separate use of the rest room facilities by the two races. The defendant City and its officials also maintain a sign reading "Dining Room—Colored" over the entrance to part of the restaurant facilities operated by Dobbs House, Inc.

5. The defendant Dobbs House, Inc., and the defendant James E. Holley, its manager in the Shreveport Municipal Airport, have adopted and follow the practice of serving whites and Negroes —whether or not they are air passengers —in separate areas of the restaurant facility.

6. Unless restrained by order of this Court, the defendant City and its officials will continue to maintain the racial signs described above and the defendants Dobbs House, Inc., and James E. Holley will continue to racially segregate patrons, including passengers by air carrier, in the restaurant facilities of the terminal.

## CONCLUSIONS OF LAW

1. The United States has standing to bring this suit as an action to remove an unconstitutional interference with and burden upon interstate commerce without the necessity of any statutory authorization. In re Debs, 158 U. S. 564, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); United States v. Lassiter, 203 F. Supp. 20 (1962), aff. 83 S.Ct. 21 (October 8, 1962, 31 L.W. 3115); United States v. Mayor and Selectmen of McComb City, C.A. No. 3215, unreported (S.D. Miss., Nov. 22, 1961); United States v. United States Klans, Knights of Ku Klux Klan, 194 F.Supp. 897 (M.D. Ala., 1961).

2. Racially segregated rest rooms and racially segregated dining facilities in an airport maintained for the use of passengers in interstate commerce by air carrier, which exist as a result of municipal action, impose an undue burden upon interstate commerce. Morgan v. Comonwealth of Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317 (1946); Mitchell v. United States, 313 U.S. 80, 61 S.Ct. 873, 85 L.Ed. 1201 (1941); United States v. Lassiter, supra.

3. Restaurant and rest room facilities located in an airport terminal and maintained for public use by air passengers and others are an integral part of air transportation. Boynton v. Virginia, 364 U.S. 454, 81 S.Ct. 182, 5 L. Ed.2d 206 (1960).

4. The plaintiff is entitled to injunctive relief as a matter of law.

## DECREE

Upon the basis of the foregoing findings and conclusions, the Court now renders its final judgment and order of permanent injunction as follows:

The defendants City of Shreveport, the Commission Council of the City of Shreveport, Clyde E. Fant, John McW. Ford, H. Lane Mitchell, L. Ed Phelps, J. Earl Downs, and Granville L. Moore, their successors, officers, agents, employees, and all persons in active concert or participation with them, are permanently enjoined from:

(a) Refusing or failing to make available to members of the Negro race equally with members of all other races all facilities generally open to the public in the Shreveport Municipal Airport;

(b) Placing, maintaining or displaying in the Shreveport Municipal Airport any signs indicating or suggesting that any of the facilities of the Airport are for the use of persons of any particular race or color;

(c) Failing to remove forthwith the signs presently maintained on the rest room facilities in the Shreveport Municipal Airport insofar as those signs designate certain of the facilities for the use of "white" persons and other of the facilities for the use of "colored" persons, and failing to remove the sign presently maintained at the Airport designating a part of the restaurant facilities as "Dining Room—Colored"; and

(d) Making, giving or causing any unjust discrimination or any undue or unreasonable prejudice or dis-

**38**

advantage in any respect whatsoever to persons traveling in air transportation.

The defendants Dobbs House, Inc., and James E. Holley, their successors, officers, agents, employees, assigns, and all those in active concert or participation with them are permanently enjoined from:

(a) Refusing members of the Negro race service in any of the restaurant facilities of the Dobbs House restaurant in the Shreveport Municipal Airport on account of their race or color;

(b) Maintaining separate restaurant facilities or dining areas in the Shreveport Municipal Airport for separate use upon the basis of race or color; and

(c) Making, giving or causing any unjust discrimination or undue or unreasonable prejudice or disadvantage in any respect whatsoever to persons traveling in air transportation.