**UNITED STATES of America, Plaintiff,**

v.

**CITY OF SHREVEPORT, LOUISIANA, et al., Defendants.**

**Civ. A. No. 8845.**

United States District Court
W. D. Louisiana,
Shreveport Division.

Nov. 16, 1962.

[redacted]

Burke Marshall, Asst. Atty. Gen., St. John Barrett, Theodore R. Newman, Attys., U. S. Dept. of Justice, Washington, D. C., Edward L. Shaheen, U. S. Atty., for the Western Dist. of La., Shreveport, La., for the government.

J. N. Marcantel, and J. Bennett Johnston, Jr., Shreveport, La., for defendants.

BEN C. DAWKINS, Jr., Chief Judge.

This case having come on for hearing this day upon the plaintiff's motion for a preliminary injunction, and the plaintiff and each of the defendants being represented by counsel, the court having received evidence and heard argument upon the motion, and all parties having stipulated that the evidence and argument might be considered by the Court in connection with the granting or denial of permanent injunctive relief, the court now enters its findings of fact, conclusions of law and final decree as follows:

## FINDINGS OF FACT

1. Continental Southern Lines, Inc., is a common carrier by motor vehicle engaged in the transportation of passengers in interstate commerce to, from and through Shreveport, Louisiana. The Interstate Commerce Commission has issued to Continental Southern Lines, Inc., a certificate of public convenience and necessity authorizing and requiring it to provide transportation of passengers, baggage, express, mail and newspapers in interstate commerce to and from Shreveport. In the discharge of its obligation under this certificate and for the comfort and convenience of its passengers, Continental Southern Lines, Inc., uses a passenger terminal in Shreveport known as the Trailways Bus terminal. The terminal is owned and operated by Trans-Continental Bus Terminals, Inc. In the terminal a restaurant is maintained and operated by Continental Restaurants, Inc. providing food and service for the passengers of Continental Southern Lines, Inc., and others. Continental Southern Lines, Inc., Trans-Continental Bus Terminals, Inc., and Continental Restaurants, Inc., are all subsidiaries of Transcontinental Bus Systems, Inc.

2. On September 22, 1961, the Interstate Commerce Commission entered its order in a proceeding entitled "Discrimination in Operations of Interstate Motor Carriers of Passengers," Docket No. MC-C-3358, adding Section 180(a) to Title 49 of the Code of Federal Regulations. The regulations set forth in Section 180(a) became effective on November 1, 1961, and provide, among other things, that no common carrier by motor vehicle in interstate commerce shall, in the operation of its vehicles in interstate commerce, provide, maintain arrangements for, utilize, make available, or adhere to any understanding for the availability of, any terminal facilities which are so operated, arranged, or maintained as to involve any separation of any portion thereof or in the use thereof on the basis of race or color. The regulations further provide that the term "terminal facilities" includes waiting room, restroom, eating, drinking and ticket sales facilities which the carrier makes available to passengers of a motor vehicle operated in interstate commerce as a regular part of its transportation, and that the term "separation" includes the display of any sign indicating that any portions of the terminal facilities are operated, allocated, restricted, provided, available, used or otherwise distinguished on the basis of race or color.

3. On October 31, 1961, the defendants J. Earl Downs, Commissioner of Public Safety of the City of Shreveport, J. Howell Flournoy, Sheriff of Caddo Parish, and James M. Goslin, Chief Deputy Sheriff of Caddo Parish, contacted Hugh B. Walmsley, Manager of the Trailways Bus terminal, and advised him that the laws of Louisiana require that signs be posted designating separate facilities at the terminal for Negroes and whites. Despite this warning, Mr. Walmsley on the same day removed from the terminal certain signs which had previously designated separate waiting room, restroom, ticket sales, and restaurant facilities for the separate use of the white and Negro races.

4. On November 1, 1961, the District Attorney of Caddo Parish, instituted a prosecution of Mr. Walmsley for violation of Louisiana Revised Statute, Title 45, Section 1302, which requires the posting of signs in bus terminals to designate separate facilities for the separate use of whites and Negroes. Mr. Walmsley posted a bond of $250.00 and was released. The charge is still pending, but prosecution of it has been abandoned since the statute upon which it was based has been declared unconstitutional.

5. On January 25, 1962, this court, sitting as a special statutory court of three judges, decided the case of United States v. Lassiter, Civil Action No. 8567 (203 F.Supp. 20), declaring Louisiana Revised Statute, Title 45, Section 1302, to be unconstitutional. This decision was affirmed by the Supreme Court on October 8, 1962.

6. Since November 1, 1961, the Police Department of the City of Shreveport has enforced racial segregation of persons using the Trailways Bus Terminal. This has been done by officers stationed at the terminal who, pursuant to the directions of their superiors, have forbidden Negroes to enter the main waiting room of the terminal or to use the restaurant facilities connecting with the main waiting room. Negroes who have entered the main waiting room and its restaurant facilities before being so forbidden have been ordered to leave. Negroes who have ignored the warnings and the orders of the officers have been arrested. Racial segregation has been enforced by these means both with respect to passengers in interstate commerce and to other persons. The evidence fails to establish that the Sheriff of Caddo Parish or his Chief Deputy have participated in this enforcement of segregation at the terminal since November 1, 1961.

7. It appears from the evidence that the Police Department of the City of Shreveport will continue to enforce racial segregation unless the defendant City and its officials are restrained by order of this court. The defendant Teasley, Chief of Police of the City of Shreveport, has stated that his orders to his officers are to enforce segregation at the terminal and that these orders will stand at least until this court should order otherwise.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of this action under 28 U.S.C. § 1345 and 49 U.S.C. § 43.

2. The Attorney General has standing to bring this suit in the name of the United States to restrain and remove an unconstitutional interference with and burden upon interstate commerce. United States v. Lassiter, 203 F.Supp. 20 (W.D.La., 1962), affirmed, 83 S.Ct. 21, and cases cited therein.

3. The United States Attorney, whenever the Attorney General shall direct, is authorized to institute a proceeding for equitable relief against discriminations forbidden by the statutes relating to interstate commerce. 49 U.S.C. § 43: United States v. Lassiter, supra.

4. Enforcement by the City of Shreveport and its Police Department of racial segregation in the facilities of the Trailways Bus Terminal imposes an undue burden upon interstate commerce in violation of the commerce clause of

Article 1, Section 8 of the Constitution. Morgan v. Com. of Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317 (1946); Mitchell v. United States, 313 U.S. 80, 94, 61 S.Ct. 873, 877, 85 L.Ed. 1201, 1210 (1941); United States v. Lassiter, supra.

5. Police enforcement of racial segregation in the facilities, including the restaurant facilities of a terminal regularly used by interstate carriers of passengers by motor vehicle, violates the provisions of the Motor Vehicle Act. 49 U.S.C. § 316(d); Boynton v. Virginia, 364 U.S. 454, 81 S.Ct. 182, 5 L.Ed.2d 206 (1960).

6. Upon the facts herein found the plaintiff is entitled to injunctive relief as a matter of law. 49 U.S.C. §§ 42 and 43; United States v. Lassiter, supra; United States v. Wood, 295 F.2d 772 (C.A.5, 1961), cert. den., 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1962).

7. Upon the evidence now before the court the plaintiff is not entitled to an injunction against J. Howell Flournoy, Sheriff of Caddo Parish, nor James M. Goslin, Chief Deputy Sheriff of Caddo Parish, and the complaint is dismissed as to them.

### DECREE

IT IS ORDERED that the City of Shreveport, Clyde Fant, J. Earl Downs, and Harvey D. Teasley, together with their successors, officers, employees, agents, representatives, and all persons in active concert or participation with them be and they hereby are permanently enjoined:

(a) From enforcing racial segregation in, or requiring the separate use on the basis of race of any of the facilities of the Trailways Bus Terminal in Shreveport, Louisiana;

(b) Arbitrarily and without legal justification arresting or detaining or threatening to arrest or detain persons who are using or attempting to use the facilities of the Trailways Bus Terminal without racial segregation and

(c) Interfering in any way or by any means with compliance by Continental Southern Lines, Inc., Trans-Continental Bus Terminals, Inc., and Continental Restaurants, Inc., with the laws of the United States and the regulations of the Interstate Commerce Commission prohibiting racial discrimination in the facilities of interstate commerce.

Nothing in this order shall prevent the City of Shreveport from stationing such officers of its Police Department at the Trailways Bus Terminal as may be necessary to preserve order and enforce the laws of the State of Louisiana and the ordinances of the City of Shreveport in a manner not inconsistent with the foregoing provisions of this decree.

IT IS FURTHER ORDERED that the defendant City of Shreveport pay the costs of this suit.