320 F.2d 870
 UNITED STATES of America and Interstate Commerce Commission,
Appellants,
v.
The CITY OF JACKSON, MISSISSIPPI, Allen Thompson, Douglas L.
Lucky and Thomas B. Marshall, Commissioners of the
City of Jackson, and W. D. Rayfield,
Chief of Police of the City of
Jackson, Appellees.
 No. 19794.
 United States Court of Appeals Fifth Circuit.
 July 18, 1963.
 
 Robert E. Hauberg, U.S. Atty., Jackson, Miss., Bernard A. Gould, Atty., Interstate Commerce Comm., St. John Barrett, Atty., Dept. of Justice, Washington, D.C., for appellants.
 Thomas H. Watkins, E. W. Stennett, Elizabeth W. Grayson, Jackson, Miss., for appellees.
 Before WISDOM, Circuit Judge, and BOOTLE and AINSWORTH, District judges.
 PER CURIAM.
 
 
 1
 All of the members of the Court agree that the petition for rehearing should be denid.
 
 
 2
 In their concurring opinions on rehearing, Judges Bootle and Ainsworth take the position that since there is 'ample statutory authorization for the maintenance of this suit' they do not reach the question whether the United States would have standing to sue under the Commerce Clause.
 
 
 3
 The district court's decision in this case was based in part on the fact that the nondiscrimination clauses in the Interstate Commerce Act, the bus regulations of 1961, and the rail order of 1955 in terms refer only to carriers and not to state or city officials. The district court also interpreted the Elkins Act, 49 U.S.C. 42, 43 as inapplicable to non-carrier defendants. As is evident from the opinion on the original hearing, this Court disagreed with the district court and held that the United States and the Interstate Commerce Commission had statutory standing to sue. It seemed to the Court, however, that the answer was not so clear as to require the Court to ignore consideration of standing to sue under the Commerce Clause. Judge Wisdom holds to that view. That view underlies the decisions in United States and ICC v. Lassiter, W.D.La.1962, 203 F.Supp. 20, aff'd 1962, 371 U.S. 10, 83 S.Ct. 21, 9 L.Ed.2d 47 and United States v. City of Montgomery, M.D.Ala.1962, 201 F.Supp. 590. Although the Court relied on the Elkins' Act in Lassiter and on the Federal Aviation Act in the City of Montgomery case in finding that the United States had standing to sue to prevent discrimination, the Court felt impelled to decide also that the United States had standing to maintain the actions under the Commerce Clause.
 
 
 4
 It is ordered that the petition for rehearing filed in the above styled and numbered cause be, and the same is hereby
 
 
 5
 Denied.
 
 
 6
 BOOTLE, District Judge (specially concurring).
 
 
 7
 My concurrence in the original opinion was based upon the obvious correctness of the result attained, that is to say, of the ultimate holding. Upon a more careful study of the opinion in connection with the motion for rehearing, and in view of the opinion's extensive comment and broad treatment I have decided to restrict the scope of my concurrence. I fully concur in the holding in Division I of the opinion that when the City of Jackson posts signs on the sidewalks commanding or even encouraging segregation, as a result of which interstate passengers using a terminal are molested, harassed, and arrested unless they submit to the humiliation of using segregated terminal facilities, the City violates the Interstate Commerce Act, and the orders of the Commission of November 7, 1955 in N.A.A.C.P. v. St. Louis-San Francisco Ry. Co., et al., 297 I.C.C. 335 (1955) and of September 22, 1961, 49 C.F.R. 180a, and offends both the Commerce Clause and the Fourteenth Amendment. 49 U.S.C.A. 3(1), 16, par. (12), and 316(d); Lewis v. Greyhound Corp., 199 F.Supp. 210, 214 (M.D.Ala.1961); Morgan v. Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317 (1946), and Baldwin v. Morgan, 287 F.2d 750 (5th Cir. 1961). I fully concur, too, that no evidence in the record permits of any conclusion other than that the City of Jackson and its officials named as defendants have so violated and offended and that an appropriate injunction should issue as prayed if either or both of the plaintiffs, the United States of America and the Interstate Commerce Commission, have standing to sue in this section. I concur further that each plaintiff has standing to sue and can sue not only the carriers involved but also the non-carrier defendants. Furthermore, in my opinion the statutory basis for maintaining this action is so clear as to each of the plaintiffs that it becomes unnecessary to inquire into any non-statutory basis of authorization. The statutory authorization for this suit derives as follows: 49 U.S.C.A. 16, par. (12) authorizes suit by either the United States or the Commission to 'enforce obedience' to pre-existing orders such as the Commission Rail Order, 297 I.C.C. 335, supra, and 49 C.F.R. 180a, supra. 49 U.S.C.A. 43 authorizes both the United States and the Interstate Commerce Commission to sue in equity 'any common carrier' which is 'committing any discriminations forbidden by law'. I construe this section, a part of the Elkins Act, equally applicable to motor and rail carriers. See United States v. Lassiter, 203 F.Supp. 20, 24 (W.D.La.1962), aff'd, 371 U.S. 10, 83 S.Ct. 21, 9 L.Ed.2d 47 (1962). See also the congressional declaration of 'national transportation policy'. Act, September 18, 1940, Ch. 722, Title I, 1, 54 Stat. 899 set out in historical note preceding 49 U.S.C.A. 1. The broad language of 49 U.S.C.A. 43, authorizing the court 'to make such other persons or corporations parties * * * as the court may deem necessary' and providing that 'said orders, writs, and process amy be enforceable as well against the parties interested in the traffic as against the carrier', together with comparable language in 49 U.S.C.A. 42, also a part of the Elkins Act, that 'it shall be lawful to include as parties, in addition to the carrier, all persons interested in or affected by the * * * practice under consideration', and that 'orders, and decrees may be made with reference to and against such additional parties in the same manner, to the same extent, and subject to the same provisions as are or shall be authorized by law with respect to carriers', when considered in the light of 18 U.S.C.A. 2 concerning aiders and abettors, the permissive joinder provision of Fed.R.Civ.Pro. 20(a), and the broad powers of courts of equity, authorizes both theUnited States and the Interstate Commerce Commission to obtain appropriate relief against the non-carrier defendants as well as the carriers in motor matters as well as rail matters. Also authorization with respect to the bus aspects of the case extends specifically to both the Commission and the United States as its 'duly authorized agent' under 49 U.S.C.A. 322(b) conferring authority to 'enforce obedience' to all applicable statutes and Commission rules and orders.
 
 
 8
 Convinced that each plaintiff has ample statutory authorization for the maintenance of this suit, I do not reach the question whether the United States would have standing to sue under the Commerce Clause of the Constitution absent all of these enactments of the Congress and these regulations and orders of the Commission. We need not inquire or decide whether the burden of segregation unlawfully imposed upon interstate commerce under the facts of this case should be sufficiently equated with strike action resulting in actual interference with, and forceable obstruction of, interstate commerce as to make the principle and holding of In Re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092(1895) applicable here so as to confer upon the United States standing to sue under the Commerce Clause alone absent such statutes, regulations, and orders. Likewise, we need not decide whether the United States has standing to sue under the Fourteenth Amendment or any other Clause of the Constitution. 'Eschew(ing) gratuitous Constitutional decisions,'[1] and in no big hurry to reach such big questions, I think these questions should await their turn for decision.
 
 
 9
 Accordingly, I concur in the opinion to the extent herein expressed, concurring specifically in the result, in the judgment of reversal, in the instructions that the injunction be issued as prayed for by the plaintiffs, and in the order denying the petition for rehearing.
 
 
 10
 AINSWORTH, District Judge (specially concurring).
 
 
 11
 I concur in the denial of the petition for rehearing. However, like my brother Bootle, I have carefully restudied the original opinion of this Court and I have concluded to limit my concurrence therein to more narrow grounds because of my belief that the statutory bais for this suit is made abundantly clear by the opinion, and it is therefore unnecessary to pass on the other and broader constitutional grounds set forth in the opinion. See 49 U.S.C.A. 1, 16(12), 42, 43 and 322(b), 28 U.S.C.A. 2322, United States v. Lassiter, 203 F.Supp. 20, 24 (W.D.La.1962), aff'd, 371 U.S. 10, 83 S.Ct. 21, 9 L.Ed.2d 47 (1962), 49 C.F.R. 180a, N.A.A.C.P. v. St. Louis-San Francisco Ry. Co., et al., 297 I.C.C. 335 (1955), Fed.R.Civ.P. 20(a).
 
 
 12
 Accordingly, I do not reach the question of the propriety or standing of the United States to sue under the Commerce Clause (Art. I, 8), the Fourteenth Amendment, or any other provision of the Constitution under the circumstances of this case.
 
 
 
 [1]
 Pollak, The Supreme Court and the States: Reflections on Boynton v. Virginia, 49 Cal.L.Rev. 15 (1961)