**INTERSTATE COMMERCE COMMISSION,**
Plaintiff-Appellant,

v.

**SOUTHERN RAILWAY COMPANY and Central of Georgia Railroad Company,**
Defendants-Appellees.

No. 74–3588.

United States Court of Appeals,
Fifth Circuit.

April 25, 1977.

Bernard A. Gould, I. C. C., Daniel M. O'Donoghue, Daniel S. Linhardt, Washington, D. C., for plaintiff-appellant.

Ellsworth Hall, Jr., Macon, Ga., Estel Edward Bruce, Stuart C. Stock, Washington, D. C., James L. Tapley, So. Railway Co., Wm. H. Teasley, Washington, D. C., for defendants-appellees.

Leonard Schaitman, Neil H. Koslowe, Appellate Sec., Civ. Div., Dept. of Justice, Washington, D. C., for amicus curiae.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, and THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL and FAY, Circuit Judges.

PER CURIAM:

The petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also DENIED.

JOHN R. BROWN, Chief Judge, with whom AINSWORTH and CLARK, Circuit Judges, join, dissenting:

I dissent from the denial of rehearing en banc. The panel decision has tied the hands of the agency created by the legislative branch by holding that in actions to enforce orders of the Interstate Commerce Commission the Commission does not have the right to sue in its own name. The holding is that the Attorney General must bring the suit and the Commission is reduced to the status of intervenor. Because I think this defeats the plain meaning of § 16(12) of the Interstate Commerce Act I would vote for rehearing.

Section 16(12) reads in relevant part: If any carrier fails or neglects to obey any order of the commission other than for the payment of money, while the same is in effect, *the Interstate Commerce Commission or any party injured thereby, or the United States, by its Attorney General,* may apply to any district court of the United States of competent jurisdiction for the enforcement of such order.

By use of the disjunctive *or* in the statute Congress has explicitly given to any one of three plaintiffs the right to bring actions to enforce orders of the I.C.C. *United States v. City of Jackson,* 5 Cir., 1963, 318 F.2d 1; *Pacific Fruit Express v. Akron, C. & Y. R. Co.,* 355 F.Supp. 700 (N.D.Cal., 1973), aff'd, 9 Cir., 1975, 524 F.2d 1025; *United States v. Lassiter,* 203 F.Supp. 20 (W.D.La., 1962), aff'd, 371 U.S. 10, 83 S.Ct. 21, 9 L.Ed.2d 47 (1962).

*Pacific Fruit, supra,* was an action to enforce an I.C.C. order brought by a private party and joined in by the I.C.C. The argument made by the panel that Congress wanted to insure the centralization of litigation and therefore intended that only the Attorney General bring suit, fails when a private party is allowed to sue and the

Commission intervenes. As in *Pacific*, had the shippers here instituted suit and the Commission intervened, the question of its right to initiate would never have arisen.

While it is true that Congress gave the Attorney General power over all government litigation, including regulatory agencies,[1] this was a general grant of power and responsibility, subject to further limitations by enactment of subsequent limiting statutes. By the general rules of statutory construction a statute more narrowly drawn would limit this general statute and a subsequent contradictory statute would also. This is just what § 16(12) does. But I would not put my approach on principles of statutory construction. I base it on the substantive certainty that Congress vested responsibility in the I.C.C. to enforce the Transportation Act and the regulation essential to its day to day enforcement and to effectuate this, express power was granted the I.C.C. to initiate in its own right enforcement proceedings.

If the panel opinion stands, the result is that when the I.C.C. is a defendant in a suit it does not have to depend on the Attorney General's office to initiate its case and may proceed by itself even though the Attorney General may and frequently does align itself formally with the I.C.C. But when its orders have been violated and it would be the plaintiff, it is dependent on the executive branch to prosecute. This would make the legislative branch completely dependent on the executive branch in enforcing any of its orders. When the orders of the I.C.C. run counter to the contemporary interests of the executive branch they may be avoided by simply not instituting suit. Under the panel decision this would be the end of the matter since the I.C.C. would have no right to initiate a case in its own name. The attorney for the Department of Justice stated in oral argument that there were several instances in which the Department of Justice might not bring suit.

I need not document by cited cases those in which the Department of Justice has taken views contrary to that of the I.C.C. (and other administrative agencies). But that right is not lost by giving recognition to the statutory power of the I.C.C. to set it in train. The Department of Justice may and often does make its views formally known by intervention and otherwise.

I fail to see how the intent of Congress could have been more plainly expressed than by saying that the Interstate Commerce Commission, *or* any party injured thereby, *or* the United States, by its Attorney General may apply to the District Court for . . . the enforcement of such order. Had it intended to grant the right to initiate solely to the Attorney General it is incomprehensible that it would have used the plain words of § 16(12). The general statutes defining the duties and responsibilities of the Attorney General in the conduct and control of Government litigation should not be applied to read out the express congressional determination that invested this much control and responsibility in the agency chosen by Congress to carry out its will.

---

1. 28 U.S.C.A. § 2323 provides:

§ 2323. *Duties of Attorney General; intervenors*

The Attorney General shall represent the Government in the actions specified in section 2321 of this title and in actions under sections 20, 23, and 43 of Title 49, in the district courts, and in the Supreme Court of the United States upon appeal from the district courts.

The Interstate Commerce Commission and any party or parties in interest to the proceeding before the Commission, in which an order or requirement is made, may appear as parties of their own motion and as of right, and be represented by their counsel, in any action involving the validity of such order or requirement or any part thereof, and the interest of such party.