563 F.2d 311
 Virgil CAROTHERS, Member and Representative of a Class of
Certain Employees of the Western Transportation
Company, Named Defendant, Plaintiff-Appellant,
v.
WESTERN TRANSPORTATION COMPANY, Defendant-Appellee.
 No. 76-1662.
 United States Court of Appeals,
Seventh Circuit.
 Aug. 30, 1977.
 
 Dennis A. DePorter, Walter D. Braud, Rock Island, Ill., for plaintiff-appellant.
 Charles R. Sprowl, E. Marvin Buehler, Chicago, Ill., Virgil Bozeman, Moline, Ill., for defendant-appellee.
 Before CLARK, Associate Justice (Retired)*, and FAIRCHILD, Chief Judge, and PELL, Circuit Judge.
 FAIRCHILD, Chief Judge.
 
 
 1
 In its petition for rehearing the appellee argues that if the panel was correct in holding that this action is properly authorized by 49 U.S.C. § 16(12), the United States must be joined as a necessary party. The appellee has referred us to 28 U.S.C. §§ 2321, 2322, which it claims requires the joinder of the United States in an action brought by an "injured party" seeking to enforce an order of the Interstate Commerce Commission (ICC). Since the appellants did not respond in detail to this issue in their answer to the petition, we feel obliged to address it briefly.
 
 
 2
 Section 16(12) provides, in pertinent part, that if any carrier fails to obey an order of the ICC " . . . (the) Commission, or any party injured thereby, or the United States, by its Attorney General, may apply to any district court . . . of competent jurisdiction for the enforcement of such order." We read this section to provide an independent cause of action for either the ICC, the United States, or an injured party, not necessarily requiring the joinder of any one of these potential plaintiffs to a suit brought by one of them. The appellee contends, however, that § 16(12) must be read in conjunction with 28 U.S.C. §§ 2321,2322. Section 2321(b) generally provides that enforcement actions brought in the district court must conform to the procedures set forth in Chapter 157 of Title 28. Section 2322, which is part of Chapter 157, requires that all actions " . . . specified in section 2321 . . . shall be brought by or against the United States." The appellee, by implication, argues that an action brought pursuant to § 16(12) is one "specified" in § 2321 and is therefore subject to the requirements of § 2322.
 
 
 3
 While §§ 16(12) and 2322 appear to be in conflict, we adhere to our initial reading of § 16(12), concluding that any of the potential plaintiffs may bring an action to enforce an order without joining any of the others. Section 16(12) is clear in its language; the cause of action is granted to each potential plaintiff in the conjunctive. This same conclusion was reached by a three-judge district court which considered the question of whether either the Commission or the Attorney General (representing the United States) had an independent right to bring an action without joining the other: "Insofar as these actions involve violations of Part I of the Interstate Commerce Act and the Commission's order . . ., either the Interstate Commerce Commission or the Attorney General may maintain the action under the provisions of Section 16(12) of Title 49." United States v. Lassiter, 203 F.Supp. 20, 24 (W.D.La.1962), aff'd, 371 U.S. 10, 83 S.Ct. 21, 9 L.Ed.2d 47 (1963). See also, Pacific Fruit Express Co. v. Akron, C. & Y. R. Co., 524 F.2d 1025, 1030 (9th Cir. 1975), cert. denied, 424 U.S. 911, 96 S.Ct. 1107, 47 L.Ed.2d 315 (1976). Contra, I.C.C. v. Southern Ry. Co., 543 F.2d 534, 539 (5th Cir. 1976). Finally, our review of the legislative history of the two sections indicates that § 2322, which was originally enacted as Section 4 of the Mann-Elkins Act, 36 Stat. 543, was prompted by consideration of actions brought against the Commission to set aside, enjoin, or annul a Commission order. This provision seems not to have been intended to include suits brought by private parties against a carrier to enforce a Commission order.
 
 
 4
 The members of the panel having reached the conclusion that the petition for rehearing should be denied, and no judge in regular active service having requested a vote on the suggestion for rehearing in banc, rehearing is DENIED.
 
 
 
 *
 The Honorable Tom C. Clark, Associate Justice (Retired) of the Supreme Court of the United States, was a member of the panel which decided the case. He died June 13, 1977 after the filing of the petition for rehearing, before the decision thereof