NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0291n.06

No.  11-6015

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 22, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SHON PATRICK TAYLOR, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:  MARTIN, SUHRHEINRICH, and COLE, Circuit Judges.

PER CURIAM.  Shon Patrick Taylor, who is represented by counsel, appeals a district court order denying as untimely his motion to vacate his sentence filed under 28 U.S.C. § 2255.

Pursuant to a written plea agreement, Taylor pleaded guilty to possession with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Taylor to 188 months of imprisonment followed by four years of supervised release.  Taylor did not appeal the district court's judgment, which was entered on March 12, 2007.

On January 11, 2011, Taylor submitted for mailing a post-judgment motion, purportedly filed pursuant to Federal Rule of Civil Procedure 60(b)(4).  After advising Taylor that Rule 60 does not apply to criminal actions and that section 2255 provides the exclusive remedy for challenging a

federal conviction or sentence, the district court gave Taylor thirty days to file a section 2255 motion

or have his Rule 60(b)(4) motion recharacterized as a section 2255 motion to vacate. Taylor then

filed a section 2255 motion in which he claimed that his plea agreement was void because it lacked

consideration and mutual assent. He also argued that his attorney provided ineffective assistance

regarding contract law. With respect to the timeliness of his motion, Taylor asserted that there was

a "conflict" between the six-year statute of limitations for contract actions and the one-year statute

of limitations under section 2255(f). He argued that the limitations period should not begin to run

or should be equitably tolled until he discovered the fraud perpetrated on him by the government and

defense counsel. The district court ordered Taylor to show cause why his motion should not be

dismissed as barred by the one-year statute of limitations under section 2255(f). Taylor responded

that "[t]here can be no limitations on fraud." Concluding that Taylor failed to demonstrate that his

motion was timely under section 2255(f) and that he failed to allege facts to warrant equitable

tolling, the district court denied Taylor's section 2255 motion.

In reviewing the denial of Taylor's section 2255 motion, "we review the district court's legal

conclusions *de novo* and its factual findings for clear error." *Jamieson v. United States*, 692 F.3d

435, 439 (6th Cir. 2012).

Taylor first contends that the district court erred in sua sponte dismissing his section 2255

motion as untimely. The district court properly denied Taylor's section 2255 motion on timeliness

grounds because the court may sua sponte dismiss a motion as barred by the applicable one-year

statute of limitations. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006).

The district court concluded that Taylor's section 2255 motion was time-barred because he failed to file the motion within one year of the date on which his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Taylor does not dispute that his section 2255 motion was untimely under section 2255(f)(1). Instead, he contends that the district court erred in failing to consider whether his motion was timely under section 2255(f)(4), which provides a one-year limitations period from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Taylor failed to cite section 2255(f)(4) or present any newly discovered facts in his section 2255 motion. Taylor asserted that, "through diligent study, and limited law resources and the help of but a single law clerk, [he] was able to understand the application of contract law that has uncovered the duty and obligation of contract and the conspiracy by government and defense counsel." Taylor's "discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)." *Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008).

Taylor argues that the district court failed to give adequate consideration to his grounds for equitable tolling of the statute of limitations. He contends that he pursued his rights diligently, but a lack of legal resources prevented him from timely filing his section 2255 motion. Inadequate prison legal resources, without more, do not constitute extraordinary circumstances warranting equitable tolling. *See Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012).

The district court's order is affirmed.