UNITED STATES of America,
Petitioner-Appellee,

v.

Dennis JUREN, Respondent-Appellant.

UNITED STATES of America,
Petitioner-Appellee,

v.

Edward W. CROMEY,
Respondent-Appellant.

Nos. DC–88, DC–89.

Temporary Emergency Court of Appeals.

Argued Aug. 18, 1982.

Decided Sept. 9, 1982.

Robert E. Montgomery, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, Washington, D. C., with whom Ray J. Batla, Jr., Mary Anne Sullivan, and Kevin I. MacKenzie, Hogan & Hartson, Washington, D. C., were on brief, for respondent-appellant Dennis Juren.

William E. Nelson, Nelson, Freed & Nelson, Washington, D. C., with whom Gerald D. Freed and Sherlee S. Nelson, Washington, D. C., of the same firm were on brief, for respondent-appellant Edward W. Cromey.

June Wagoner, Dept. of Justice, Washington, D. C., with whom R. John Seibert, Washington, D. C., of the same agency, David L. Anderson, Economic Regulatory Administration, and David A. Engels, Dept. of Energy, Washington, D. C., were on brief, for petitioner-appellee.

Before WRIGHT, Chief Judge, and HOFFMAN and MAXWELL, Judges.

PER CURIAM:

Appellants challenge a judgment of the District Court, Judge Gesell, requiring compliance with subpoenas requested by the Department of Energy (DOE) and denying limited discovery on the issue of the propriety of the subpoenas. Because appellants have presented no evidence that DOE acted improperly, we affirm.

DOE has broad authority to issue subpoenas *ad testificandum* under Section 206 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note (1976), *as*

*amended,* incorporated by Section 5(a)(1) of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 754(a)(1) (1976), *as amended;* Section 13(e)(1) of the Federal Energy Administration Act of 1974, 15 U.S.C. § 772(e) (1976); Section 645 of the Department of Energy Organization Act, 42 U.S.C. § 7255 (Supp. IV 1980); and 10 C.F.R. §§ 205.8 and 205.201 (1982). The agency can have these subpoenas enforced by a District Court upon an initial showing that the information sought will advance a civil, as distinguished from a criminal, investigation. *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978).

Judge Gesell, and then Judge Flannery on rehearing, found that DOE had met this burden of proof by presenting two affidavits from Government counsel representing that DOE had made no determination to refer the case for criminal investigation. Appellants presented no evidence challenging the accuracy of the statements made in the affidavits. Thus both judges found that appellants had failed to meet the heavy burden of showing the extreme circumstances that would justify further inquiry into the propriety of the subpoenas, *see SEC v. Dresser Industries, Inc.,* 628 F.2d 1368 (D.C.Cir.) (*en banc*), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980), and so denied the motion for limited discovery.

Judge Gesell and Judge Flannery properly denied these efforts to delay enforcement of the subpoenas. Mere declarations that a subpoena was issued for an improper purpose fall short of the substantial showing respondents must make to justify discovery. *See id.; United States v. Tesoro Petroleum Corp.,* 503 F.Supp. 868, 873 (D.D.C.1980). Unsupported allegations of bad faith and improper purpose are often made against regulatory agencies to hinder administrative investigations. Here, the unsupported allegations impugn the integrity of Government counsel. Such attempts to undermine the enforcement process should not be tolerated; allegations of bad faith and improper purpose must be buttressed with specific facts. Since appellants offer none, the order of the District Court is

AFFIRMED.*

---

* Since these two cases were essentially identical with regard to their facts and the controlling law, they were consolidated for argument and decision.