**COMPTROLLER OF the CURRENCY, Plaintiff,**

v.

**T. Bertram LANCE, Defendant.**

**Civ. A. No. C86–19R.**

United States District Court,
N.D. Georgia,
Rome Division.

March 31, 1986.

Ellen Broadman, Office of the Comptroller of the Currency, Washington, D.C., for plaintiff.

John D. Hawke, Arnold & Porter, Jamie S. Gorelick, Miller, Cassidy, Larroca & Lewin, Washington, D.C., Anthony L. Cochran, Chilivis & Grindler, Kenneth L. Millwood, Smith, Gambrell & Russell, Atlanta, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

The complaint in this case was filed on August 30, 1985, by the plaintiff against the Calhoun First National Bank (Bank) and T. Bertram Lance. The plaintiff, the Comptroller of the Currency, is a federal agency with authority, *inter alia*, to administer and enforce the reporting and proxy provisions of the Securities Exchange Act of 1934 (Exchange Act) against entities with securities registered at the office of the Comptroller of the Currency. The Bank is a national banking association located in Calhoun, Georgia, with its common stock registered with the Comptroller.

The Bank and its officers and agents are thus subject to the securities laws, and regulations promulgated under the Exchange Act, and their compliance with those laws and regulations is enforced by the Comptroller. The complaint, filed in the United States District Court for the District of Columbia, alleged that the defendants had engaged in acts and practices which constitute violations of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Regulations promulgated under 12 CFR §§ 11.5 and 11.51, for a failure to disclose material information required to be filed with the Comptroller. In addition the complaint alleged that the defendants had engaged in acts and practices which constitute violations of Section 13(a) of the Exchange Act, 15 U.S.C. 78m(a) and Regulations promulgated under 12 CFR §§ 11.4 and 11.42, for a failure to disclose material information in reports required to be filed with the Comptroller.

Numerous motions were filed in the case, including defendant's motion for a change of venue to this Court. By a memorandum order filed December 20, 1985, the United States District Court for the District of Columbia granted the defendant's motion to transfer. Following the change of venue the case came on for a status conference before this Court on February 21, 1986. At that time a consent order was signed by the Court that eliminated the Bank from any further participation in the litigation. The Court, after conferring with counsel, dismissed several motions as moot, or as withdrawn by the parties.

The case is now before the Court on several motions previously filed by the defendant. The defendant has moved the Court to dismiss the complaint for lack of subject matter jurisdiction and for a failure to state a claim upon which relief can be granted. Defendant has also moved for a stay based on parallel civil and criminal proceedings. Finally, defendant has filed a motion to compel and to seal certain matters. For the reasons set forth below defendant's motions to dismiss and to stay are hereby denied. Defendant's motion to seal is granted and the motion to compel is stayed. The Court shall consider the motions seriatim.

## SUBJECT MATTER JURISDICTION

The defendant has moved the Court to dismiss the complaint under Fed.R.Civ.P. 12 for a lack of subject matter jurisdiction. Specifically, defendant argues that the comptroller does not have the statutory authority to file a civil action against him without the concurrence and participation of the Department of Justice. The defendant cites to the plenary power and supervision over government litigation granted to the Attorney General in 28 U.S.C. §§ 516 and 519. The defendant admits that the comptroller has substantive authority to administer and enforce the provisions referred to in the complaint, namely 15 U.S.C. §§ 78n(a) and 78m(a). However, the defendant argues that the enforcement power of the comptroller under 15 U.S.C. § 78l(i) does not include the ability to sue.

The defendant cites to *ICC v. Southern Railway*, 543 F.2d 534 (5th Cir.1976), to support their contention that the Attorney General's plenary power over agency litigation cannot be ignored unless "the agency is given specific authorization to proceed without the assistance or supervision of the Attorney General." 543 F.2d at 537–38. It is the defendant's contention that the comptroller lacks the authorization necessary to proceed here.

In further support of their motion defendant cites to *FTC v. Guignon*, 390 F.2d 323 (8th Cir.1968) in which the FTC was found not to have authority to seek enforcement of its own subpoenas in federal court. The defendant notes the court's finding in *Guignon* that the authority of an agency to appear in court on its own must be based on clear statutory authorization. 390 F.2d at 325. The Defendant also refers to *In re Ocean Shipping Antitrust Litigation*, 500 F.Supp. 1235 (S.D.N.Y. 1980) in which the Federal Maritime Commission was found to be without authority to independently move to intervene in a civil action involving the Sherman Antitrust

Act. The court there referred to the powers conferred on the Attorney General by 28 U.S.C. §§ 516 and 519 and noted the Attorney General's supervisory role in litigation involving regulatory agencies. 500 F.Supp at 1239.

The defendant further noted that the Federal Home Loan Bank Board was without power to sue or be sued and that the Secretary of the Treasury, who directs the Office of the Comptroller, does not have the authority to file a civil action on his own.

■ The plaintiff responded by asserting that the defendant's arguments are unsupported by the language and legislative history of the relevant Exchange Act provisions, and that the judicial precedents cited by the defendant are inapposite. The plaintiff agrees that 28 U.S.C. §§ 516 and 519 confer plenary power and supervision over government agency litigation on the Attorney General, but argues that the exception, as "authorized by law", should apply here. Under Section 12(i) of the Exchange Act, the Comptroller has those "powers, functions and duties vested in the [SEC] to administer and *enforce* ..." certain portions of the Exchange Act (emphasis added). Those sections which the Comptroller may enforce include the sections which form the basis of the complaint before the court, 15 U.S.C. §§ 78m(a) and 78n(a). The plaintiff argues, and the Court agrees, that this grant of authority is precisely the type of authorization that provides the foundation for an exception from the requirements of 28 U.S.C. §§ 516 and 519.

■ The plaintiff further notes that Section 12(i) was added to the Exchange Act by the Securities Acts Amendments of 1964, 78 Stat. 565, Pub.L. No. 88–467, 88th Cong., 2d. Sess. (1964). The purpose of that amendment was intended to provide additional protection to investors by transferring to the Comptroller the powers vested in the Securities and Exchange Commission (SEC). *See, House Report,* 1964 U.S. Code Cong. & Ad.News at 3013, 3021. Indeed, at the time that Section 12(i) was added to the Exchange Act, the SEC sub-

mitted a memorandum to Congress which stated that "the Federal banking agencies ... would have the power ... to investigate, institute suits to enjoin, and forward evidence to the Attorney General for criminal prosecution ..." *Investor Protection, Part 2, Hearings before a Subcommittee of the House Interstate and Foreign Commerce Committee,* 88th Cong., 1st and 2d Sess. 1365 (1964). In addition, the plaintiffs have provided the Court with a letter from the Attorney General's office which states that the Department of Justice agrees with the Comptroller's conclusion that the Comptroller "may appear in the United States courts by its own counsel to carry out its functions under the" Exchange Act. (Letter from John M Harmon, Assistant Attorney General, to John G. Heimann, Comptroller of the Currency, filed with the Court on September 27, 1985.)

The cases cited by the defendant in support of his motion do not withstand close scrutiny. As to *Federal Trade Commission v. Guignon,* 390 F.2d 323 (8th Cir. 1968), the plaintiff notes that the court in that case concluded that the FTC was given no statutory authority to use its own counsel to enforce its own subpoenas. That decision was based on the clear language of the Federal Trade Commission Act, the legislative history and past judicial precedents including a Supreme Court decision refuting the FTC's assertion of authority. 390 F.2d at 325–30. Similarly, the decision in *Interstate Commerce Commission v. Southern Railway Company,* 543 F.2d 534 (5th Cir.1976) was based on specific statutory language in 28 U.S.C. §§ 2321–2323 that expressly conferred litigation authority for the ICC on the Attorney General. Lastly, as to *In re Ocean Shipping Antitrust Litigation,* 500 F.Supp. 1235 (S.D.N.Y.1980), the plaintiff's note that the agency involved had not sought an exception from the Attorney General's litigation authority, but rather sought to intervene.

In contrast to these cases the explicit statutory authority found in Section 12(i) to "institute suits to enjoin", and the Depart-

ment of Justice's support for the interpretation of Section 12(i) as conferring independent litigating authority, supports plaintiff's position. In *Guignon* and *Ocean Shipping,* the Attorney General actively opposed the agency efforts to assert independent litigation authority. *Guignon, supra,* 390 F.2d at 329–30; *Ocean Shipping, supra,* 500 F.Supp. at 1238. As noted above, the Attorney General has actively concurred in the exercise of independent litigation authority by the Comptroller.

Finally, there are three other instances in the past year in which the Comptroller relied on his authority to prosecute violations of the federal securities law. In all three instances the Attorney General concurred in the Comptrollers actions.[1] The Comptroller and the SEC instituted suit against this defendant in another matter, *Securities and Exchange Commission and Comptroller of the Currency v. National Bank of Georgia, Calhoun First National Bank and T. Bertram Lance,* Civil Action No. 78–752A (N.D.Ga.1978), without any objection by the defendant to the Comptroller's independent litigation authority.

■ Based on the foregoing the Court finds that the Comptroller is within his authority to independently enforce the provisions of the Exchange Act enumerated in Section 12(i).

### FAILURE TO STATE A CLAIM

The defendant's second motion to dismiss argues that Count II of the Comptroller's complaint fails to state a claim upon which relief can be granted. That count alleges violations by the defendant of Exchange Act Section 13(a) for the failure to disclose in required Bank annual reports, filed with the Comptroller between 1982 and the present, certain matters laid out in the complaint. The defendant argues that, because the complaint does not allege that the defendant personally assisted in the preparation, dissemination or filing of the annual reports, and because the complaint does not allege that the annual reports failed to contain all information required by the Comptroller, the complaint is defective on its face.

Under a Fed.R.Civ.P. 12(b) motion to dismiss a complaint, the Court must construe the complaint in the light most favorable to the plaintiff, and factual allegations are assumed to be true. A complaint shall not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McLain v. Real Estate Board of New Orleans, Inc.,* 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980), *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ A violation of Section 13(a) for the filing of a false and misleading periodic report does not require personal participation. A corporate officer need only be found to have induced the false and misleading filing. *See, Securities and Exchange Commission v. Savoy Industries, Inc.,* [1981–1982] Fed.Sec.L.Rep. (CCH) ¶ 98,295 (D.C.Cir.1981); *Securities and Exchange Commission v. Falstaff Brewing Corp.,* 629 F.2d 62 (D.C.Cir.1980). An officer or director of a public corporation can be held liable for false securities law filings of the corporation if he controls the corporation at the time those documents were filed. *Securities & Exchange Commission v. Savoy Industries, Inc., supra,* ¶ 98,295 at 91,864–66. Furthermore, under *Securities and Exchange Commission v. Falstaff Brewing Corp., supra,* a corporate officer or director can be found to have aided and abetted a public issuer's violation of the Exchange Act if a violation occurs, the officer or director is aware of the violation and the individual knowingly and substantially participates in the act. 629 F.2d at 72–73. The complaint alleges

---

1. *See, Selby, Acting Comptroller of the Currency v. Huron National Bank,* Civil Action No. 85–2186 (D.D.C. August 23, 1985); *Conover, Comptroller of the Currency v. William Glenn, et al.,* Civil Action No. 85–1208 (D.D.C. April 16, 1985); and *Conover, Comptroller of the Currency v. Commonwealth National Bank,* Civil Action No. 85–0855 (D.D.C. March 19, 1985).

that the defendant exercised a controlling influence over the operation of the bank. It also alleges that the violations arose out of transactions that personally benefited the defendant and which he personally directed or was aware of. These allegations are sufficient to uphold the claim against the defendant from an attack of facial invalidity.

 Defendant also argues that the complaint fails because it does not allege that the annual reports filed by the bank failed to contain all the information required by the OCC regulations. However, the activities of the defendant, as alleged, would certainly comprise information that should have been, if true, disclosed to the bank's shareholders. *See, Securities and Exchange Commission v. Koenig,* 469 F.2d 198, 200 (2d Cir.1972). The defendant alleges that such information is not required to be disclosed in the reports. However, the Court finds that the disclosures asked for in the Comptrollers form allows for any additional, material information that would make the statements not misleading. *See,* 12 CFR § 11.4(i). As such, an allegation that additional information should have been supplied does not fail on its face. *See, TSC Industries v. Northway, Inc.,* 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976).

Based on the standard for a dismissal for a failure to state a claim upon which relief can be granted, the defendant's motion is insufficient as a matter of law and will be denied.

### MOTION TO STAY BASED ON PARALLEL PROCEEDINGS

The defendant has moved the Court to stay further proceedings in this matter pending the outcome of possible criminal proceedings against him in a pending criminal investigation. The defendant cites to *SEC v. Dresser Industries,* 628 F.2d 1368 (D.C.Cir.1980) for the proposition that "If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it." 628 F.2d at 1376. The defendant asserts that he would suffer an extraordinary and un-

fair hardship without a stay. The defendant argues that his possible exposure "of the basis of [his] defense to the prosecution in advance of criminal trial" justifies a stay. *Dresser, supra,* at 1376. The defendant further asserts that because of the Comptroller's bad faith, and because his right to effective assistance of counsel is jeopardized by having to defend two actions, a stay is justified.

 The Supreme court has held that parallel civil and criminal proceedings can be brought "simultaneously or successively. The order of their bringing must depend upon the government; ..." *Standard Sanitary Mfg. v. United States,* 226 U.S. 20, 52, 33 S.Ct. 9, 16, 57 L.Ed. 107 (1912). This Court cannot agree with defendant's assertion that under *SEC v. Dresser,* and his claim of possible prejudice, he is entitled to a stay. The choice between testifying, or invoking the Fifth Amendment, may be difficult, but it does not create a basis for a stay. *See Gellis v. Casey,* 338 F.Supp. 651, 653 (S.D.N.Y.1972). As noted in *Dresser,* the possibility of a criminal proceeding cannot justify a stay. *Dresser, supra,* 628 F.2d at 1376.

The plaintiff's have shown that there is significant public interest in not granting the stay. Even where, as here, the proceedings against the bank have been dropped, the government can show significant public interest in not being forced to choose:

> either to forego recommendation of criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial.

*United States v. Kordel,* 397 U.S. 1, 11, 90 S.Ct. 763, 769, 25 L.Ed.2d 1 (1970). The very case the defendant relies upon for his support moves this case to deny his motion. The *Dresser* court, in permitting simultaneous SEC and Grand Jury investigations, wrote:

> ... we should not block parallel investigations by these agencies in the absence of "special circumstances" in which the nature of the proceedings demonstrably prejudices substantial rights of the investigated party or of the government.

*Dresser, supra,* 628 F.2d at 1377. No such significant showing of prejudice has been made by the defendant to justify a stay.

Defendant also claims that plaintiff's bad faith during the course of the administrative investigation of his case justifies a stay until criminal proceedings are completed. However, the allegations of bad faith in settlement negotiations and elements of the administrative investigation are unsupported by the proffered evidence. As has been stated elsewhere:

> Unsupported allegations of bad faith and improper purpose are often made against regulatory agencies to hinder administrative investigations.

*United States v. Juren,* 687 F.2d 493, 494 (T.E.C.A.1982), *cert. denied,* 460 U.S. 1051, 103 S.Ct. 1497, 75 L.Ed.2d 929 (1983). Additionally, the Court finds the defendant's claim of selective prosecution without merit. There has been no *prima facie* showing that the defendant was singled out for prosecution while others, similarly situated who have committed the same acts, were not. Nor, had this been shown, has the defendant demonstrated that the prosecution was the result of constitutionally invidious motives such as racial or religious discrimination. *See, United States v. Johnson,* 577 F.2d 1304, 1308 (5th Cir. 1978); *United States v. Jennings,* 724 F.2d 436, 445 (5th Cir.), *cert. denied,* 467 U.S. 1227, 104 S.Ct. 2682, 81 L.Ed.2d 877 (1984); *United States v. Lichenstein,* 610 F.2d 1272, 1281 (5th Cir.), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980).

For the foregoing reasons the defendant's motion for a stay is hereby denied.

## MOTIONS TO COMPEL AND TO SEAL

Defendant filed a Motion to Seal on November 27, 1985. The motion seeks permissions to file under seal a motion to compel discovery. The basis for the request is that the motion to compel contains excerpts from confidential *ex parte* depositions taken as a part of the Comptroller's investigation. The Comptroller concurs with the motion to seal, noting that under 12 CFR § 19.43 information or documents obtained by the OCC during the course of a formal investigation shall remain confidential. However, the Comptrollers opposes the motion to compel.

Although the motion to seal states that the defendant "will file his motion to compel under seal simultaneously with the filing of this motion," no such motion to compel is found in the Court's file. The Court finds it appropriate to grant the motion to seal, but not merely because it is unopposed. It is appropriate also because here the sealing of confidential materials is "necessitated by a compelling governmental interest" as evidenced by the regulations maintaining confidentiality of the documents involved, and it is "narrowly tailored to that interest." *See, Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606–607, 102 S.Ct. 2613, 2619–2620, 73 L.Ed.2d 248 (1982); *Wilson v. American Motors Corp.,* 759 F.2d 1568 (11th Cir. 1985). Thus the motion to seal the motion to compel is granted. The motion to compel is itself stayed pending the filing of that motion with this Court.

ACCORDINGLY, the defendant's motions to dismiss for lack of subject matter jurisdiction and failure to state a claim are DENIED. Defendant's motion for a stay is DENIED. Defendant's motion to seal is GRANTED and the motion to compel is STAYED.