**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Plaintiff,**

v.

**William K. IRWIN, et al., Defendants,**

v.

**UNITED STATES of America, Third Party Defendant.**

**Civ. A. No. CA–2–87–188.**

United States District Court, N.D. Texas, Amarillo Division.

June 30, 1989.

John M. Skrhak, Godwin, Carlton & Maxwell, Dallas, Tex., Thomas S. Rees, Tort

Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

John Mozola, Underwood Law Firm, Dorothy Ann Kinney, Amarillo, Tex., for defendants.

## ORDER

MARY LOU ROBINSON, District Judge.

The Federal Deposit Insurance Corporation (FDIC) brought suit against certain directors of the McLean Bank for alleged breaches of fiduciary and statutory duties to the bank. The Defendants then brought a third party action against the United States for alleged wrongdoing by the FDIC and the OCC in connection with the closing of the bank.

The action between the FDIC and the Defendants has been settled and dismissed. In addition, the Defendants have dropped their claims against the United States for the alleged wrongful conduct of the FDIC in the closing of the bank.

The only claims remaining in this case are those brought by Third Party Plaintiffs against the United States, the Third Party Defendant for the alleged wrongdoing by the Office of the Comptroller of Currency in the closing of the bank.

In its Motion to Dismiss the United States objects to the settlement of the FDIC and Defendants and questions the validity of that settlement; it maintains that that settlement should not affect its liability in any way. Because of the importance of the issue the Court will address it in this order. The other issues raised by the Motion to Dismiss will be discussed in the Court's Order ruling on the United States' Motion for Summary Judgment.

At the outset, the Court notes that the United States has failed to show that it has been prejudiced in any way by the settlement. Third Party Plaintiffs must still prove every element of their claims against the United States. The only thing that need not be proved after the settlement is that the Third–Party Plaintiffs are liable to the Original Plaintiff. Thus, the United States has not been injured in any way by the settlement except perhaps for the fact that it now cannot use the FDIC claim against the Defendants (Third–Party Plaintiffs) as a bargaining chip in settlement negotiations with the Third–Party Plaintiffs.

*Authority to Settle by the FDIC*

The United States claims that, under 28 U.S.C. § 516 and § 519, the Attorney General has sole authority to settle the litigation. Section 516 of title 28 provides:

Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

Section 519 of the same title provides that

Except as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party, and shall direct all United States attorneys, assistant United States attorneys, and special attorneys appointed under section 543 of this title in the discharge of their respective duties.

■ Under these sections, the Attorney General is the chief legal officer of the United States and absent express congressional directive to the contrary he is vested with plenary power over all litigation to which the United States or one of its agencies is a party. *Marshall v. Gibson's Products, Inc. of Plano,* 584 F.2d 668 (5th Cir. 1978). This power, because it is so "broadly inclusive," must be narrowly construed. *Hughes Aircraft Co. v. United States,* 534 F.2d 889 (Ct.Cl.1976).

The FDIC argues that under 12 U.S.C. § 1819, Congress has "otherwise authorized" the FDIC to conduct its own litigation. Further it argues that the interpretation by the Department of Justice of analogous statutes, is consistent with its' own interpretation of the statute.

Section 1819 enumerated some of the powers of the FDIC, they are, in pertinent part:

Third. To make contracts.

Fourth. To sue and be sued, complain and defend, in any court in of law or equity, State or Federal....

\*     \*     \*     \*     \*     \*

Sixth. To prescribe, by its Board of Directors, bylaws not inconsistent with law, regulating the manner in which its general business may be conducted, and the privileges granted to it by law may be exercised and enjoyed.

Seventh. To exercise by its Board of Directors, or duly authorized officers or agents, all powers specifically granted by the provisions of this chapter, and such incidental powers as shall be necessary to carry out the powers so granted.

\*     \*     \*     \*     \*     \*

Tenth. To prescribe by its Board of Directors such rules and regulations as it may deem necessary to carry out the provisions of this chapter or of any other law which it has the responsibility to administering or enforcing....

The United States argues however that this power to sue and be sued does not provide the FDIC with authority to settle litigation. It cites one case in support of its argument, *I.C.C. v. Southern Ry. Co.*, 543 F.2d 534 (5th Cir.1976), *aff'd en banc*, 551 F.2d 95 (1977). However this decision has been distinguished in a case similar to the one before the Court. *See Comptroller of Currency v. Lance*, 632 F.Supp. 437, 440 (N.D.Ga.1986). The district court in *Lance* found that *I.C.C. v. Southern Ry. Co.*, was "based on specific statutory language in 28 U.S.C. §§ 2321–2323 that expressly conferred litigation authority for the ICC on the Attorney General."

■ Thus the FDIC argues that the power delegated to it by Congress to sue and be sued brings it under the exception of "except as otherwise provided by law." Further the FDIC has introduced certain letters authored by the Attorney General or the Department of Justice which are in agreement with this construction.

In a letter of August 27, 1976 the Deputy Assistant Attorney General in the Office of Legal Counsel made the following reply to an enquiry by the General Counsel of the National Credit Union Administration as to whether the administrator had the power to bring suit as a liquidating agent, by his own counsel, without representation by the Attorney General.

Thus, the question becomes whether Congress has affirmatively authorized the conduct of suits by other than the Department of Justice, so as to bring such litigation with the language "[e]xcept as otherwise authorized by law...."

Under 12 U.S.C. § 1766(b)(3),

a liquidating agent shall have power and authority, subject to the control and supervision of the Administrator ... to sue in his own name or in the name of the Federal credit union in liquidation, and defend such action as may be brought against the Federal credit union....

\*     \*     \*     \*     \*     \*

In at least one other analogous situation, Congress has indicated that its grant of the power to sue and be sued gives rise to an inference that it is creating an exception to §§ 516 and 519.... Thus, we think that, where Congress grants power to sue or be sued and does not disclaim an intent to preserve the Attorney General's conduct and supervision of litigation, an inference, not necessarily conclusive, arises that Congress has created an exception to §§ 516 and 519.

Thus under the Attorney General's Office own interpretation of the power to sue and be sued clause, the FDIC has authority to litigate without approval by the Attorney General. *See also generally Comptroller of Currency v. Lance*, 632 F.Supp. 437 (N.D.Ga.1986).

■ Further from the other duties and powers enumerated in section 1819, it is apparent that Congress intended to give the FDIC broad authority to carry out its duties, and that it also provided the FDIC with broad discretion as to how to carry out these duties, including how to comport

itself within a suit. Thus the Court finds that the FDIC has independent authority to settle this cause of action and that the settlement entered into between the FDIC and the Defendants is valid.

It is SO ORDERED.