**Roger W. MEHLE, Plaintiff,**

v.

**AMERICAN MANAGEMENT SYSTEMS, INC., Defendant.**

**No. 01–1544 (JR).**

United States District Court, District of Columbia.

Nov. 30, 2001.

---

Francis Joseph Warin, Gibson, Dunn & Crutcher, L.L.P., Washington, DC, for Plaintiff.

Brendan V. Sullivan, Jr., John G. Kester, Judith A. Miller, F. Whitten Peters, Janet C. Fisher, Williams & Connolly, Edward Bennett Williams, Charles Stanley Dees, McKenna & Cuneo, L.L.P., Washington, DC, Jeffrey Axelrad, Chevy Chase, MD, for Defendant.

### MEMORANDUM

ROBERTSON, District Judge.

On July 17, 2001, the Federal Retirement Thrift Investment Board terminated its computer software development contract with American Management Systems for default. On the same day, Board executive director Roger W. Mehle brought this action against AMS for fraud, breach of contract, negligent misrepresentation, and unjust enrichment. The suit was not brought in the name of the contracting party, but in Mr. Mehle's name, in his capacity as executive director. AMS has moved to dismiss for want of subject matter jurisdiction. Because Mr. Mehle has not obtained Department of Justice approval to sue and is not authorized by statute to litigate independently, the motion must be granted.

#### · Background

The Federal Retirement Thrift Investment Board operates the federal Thrift Savings Fund, which provides retirement savings programs similar to private-sector 401(k) plans for approximately five million federal civilian and military employees. The Board contracted with AMS in 1997 for the creation of a new recordkeeping system based on a commercial software program used by many 401(k) plans. The project was expected to cost $30 million and to be installed by May 1, 2000, but it ran into technical problems. When the Board cancelled the contract in July 2001, AMS had not yet delivered even a limited-functioning system and was estimating that another $57 million would be needed to complete the work.

Mr. Mehle filed this suit using private counsel and without seeking approval by the Attorney General. He asserts that AMS affirmatively misled the Board concerning the caliber of personnel that it would use in completing the contract and that it wrote about five times as much customized computer code as would be expected for a project of this size. Noting that AMS recently agreed to a $185 million post-trial settlement with the State of Mississippi after a jury found it liable for bad faith breach of contract and misrepresentation, Mr. Mehle claims that the Fund has been the victim of corrupt business practices.

Mr. Mehle invokes this Court's diversity jurisdiction based on his residence in the District of Columbia and AMS's citizenship in Delaware and Virginia. His attorney made it clear at oral argument that the reason Mr. Mehle wants to be in federal district court is to have a jury trial.

#### Analysis

The AMS motion to dismiss argues that the Contract Dispute Act gives the Court of Federal Claims exclusive jurisdiction over this case, that there is no diversity between the parties, and that Mr. Mehle has no authority to bring this suit. The Court of Federal Claims question is murky

(and is, in any event, now before that court for decision in a contract claim brought by AMS against the Board). The diversity question is also vexing because the controlling authority on which Mr. Mehle's claim rests is an anomalous, 25–year–old decision that has been strongly criticized and may no longer be good law.[1] Without that questionable authority, there would be no diversity jurisdiction, because federal agencies are not considered "citizens of a state." *Texas v. ICC,* 258 U.S. 158, 160, 42 S.Ct. 261, 66 L.Ed. 531 (1922); *Commercial Union Ins. Co. v. United States,* 999 F.2d 581, 584–85 (D.C.Cir.1993).

It is unnecessary to decide whether the Court of Federal Claims has exclusive jurisdiction or whether Mr. Mehle may properly invoke this Court's diversity jurisdiction, however, because it is clear that Mr. Mehle is not authorized to bring this action for his agency.[2]

 "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested ... is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516. Actions that are brought by government officials or agencies who are not authorized to represent the United States must be dismissed for lack of jurisdiction. *Federal Election Comm'n v. NRA Political Victory Fund,* 513 U.S. 88, 92, 99, 115 S.Ct. 537, 130 L.Ed.2d 439 (1994) (construing 28 U.S.C. § 518(a)); *United States v. Providence Journal Co.,* 485 U.S. 693, 699, 707–08, 108 S.Ct. 1502, 99 L.Ed.2d 785 (1988) (same). Only explicit statutory language vesting independent litigation authority in another agency creates an exception to § 516. *Providence Journal Co.,* 485 U.S. at 705 n. 9, 108 S.Ct. 1502; *United States v. Santee Sioux Tribe,* 135 F.3d 558, 562 (8th Cir.1998); *United States v. Alky Enters., Inc.,* 969 F.2d 1309, 1313–14 (1st Cir.1992); *ICC v. Southern Ry. Co.,* 543 F.2d 534, 537–39 (5th Cir.1976); *Comptroller of Currency v. Lance,* 632 F.Supp. 437, 439–41 (N.D.Ga.1986).[3]

Mr. Mehle cannot identify a statute explicitly authorizing him to sue or be sued or to act independently of the Attorney General. Instead, he relies on a long chain of inferences. First, based largely on statutory language stating that all moneys contributed by government employees

---

**1.** *Trans Bay Engineers & Builders, Inc. v. Hills,* 551 F.2d 370, 376 (D.C.Cir.1976), held that the Secretary of Housing and Urban Development could be sued in diversity in her official capacity. The decision is criticized in *General Ry. Signal Co. v. Corcoran,* 921 F.2d 700, 703–05 (7th Cir.1991) as expanding the scope of diversity jurisdiction by allowing litigants to sue a federal official by name (or to bring suit in an official's name). *See also Molton, Allen & Williams, Inc. v. Harris,* 436 F.Supp. 853, 855–56 (D.D.C.1977) (acknowledging arguments that *Trans–Bay* is " 'plainly erroneous' " and would " 'materially expand diversity jurisdiction' to the detriment of the Court of Claims' exclusive jurisdiction").

**2.** This argument has been advanced both by AMS and by the Department of Justice. DOJ has lodged two "notices" in this case, both suggesting that Mr. Mehle did not have authority to file suit. Because the Department has neither intervened nor sought *amicus* status, however, its arguments are not of record.

**3.** *Mail Order Ass'n of Am. v. United States Postal Serv.,* 986 F.2d 509, 515 (D.C.Cir. 1993), found that certain postal statutes created an exception to § 516 where the Department of Justice refused to advocate the U.S. Postal Service's position or consent to self-representation. That precedent does not help Mr. Mehle, however. The Court of Appeals emphasized that the exception did not mean that "as a general matter, the Postal Service can initiate litigation without the participation or consent of the Attorney General.... [T]he Postal Service may well be required to obtain the Attorney General's aid or consent before initiating a lawsuit, including actions involving ... contracts." *Id.*

and their employing agencies "are held in [the Thrift Savings Fund] in trust for such employee[s]," 5 U.S.C. § 8437(g), Mr. Mehle argues that the Fund is a private trust. Next, he argues that he must be the Fund's sole trustee, because he has management responsibilities and fiduciary duties. Next, he argues that, as trustee, he has an implied right under common law to bring litigation to protect fund assets. Finally, because the Attorney General is clearly assigned duties with regard to litigation against the Fund's fiduciaries, 5 U.S.C. § 8477(e)(4), Mr. Mehle invokes the principle of *expressio unius est exclusio alterius* to argue that the Attorney General's authority does not extend to this matter.

That reasoning does not stand up to close scrutiny. Even assuming that the Fund is a private trust, Mr. Mehle's claim to be the sole trustee is highly suspect. The United States itself may serve as a trustee, *see, e.g., United States v. Mitchell*, 463 U.S. 206, 225, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983), and Congress frequently designates boards of trustees in creating federal trust funds, *see, e.g.*, 42 U.S.C. §§ 1395i(b) (Federal Hospital Insurance Trust Fund), 1395t(b) (Federal Supplemental Medical Insurance Trust Fund). If it is indeed necessary to identify the trustees of the Thrift Savings Fund, the members of the Federal Retirement Thrift Investment Board are much more likely candidates than Mr. Mehle. They are presidentially appointed and responsible for hiring and firing the executive director. 5 U.S.C. §§ 8472(b), (g)(1)(C), 8474(a)(1). They are responsible for setting the investment, management, and administration policies that the executive director must carry out. *Id.* §§ 8472(f), 8474(b)(1). They are also fiduciaries, like the executive director. *Id.* § 8477(a)(3). And, although Mr. Mehle has some responsibilities regarding asset management and disposal that the Board does not, his

discretion over Fund assets is also quite limited by statute. *Id.* §§ 8472(g)(2), 8438.

In any case, labeling the Thrift Savings Fund a trust and identifying a trustee or trustees does nothing to undercut the statutory, and plenary, grant of litigation authority to the Attorney General. Mr. Mehle's argument that 5 U.S.C. § 8477(e)(4) negates the Attorney General's authority except with respect to breaches of duty by Fund fiduciaries is not persuasive. If there is an exception to 28 U.S.C. § 516 in section 8477(e), it comports with the case law by explicitly giving litigation authority to the Secretary of Labor and creating a private cause of action for beneficiaries. 5 U.S.C. § 8477(e)(3). Subsection (e)(4) then spells out the Attorney General's responsibilities and authority in such cases. Thus, when Fund assets may have been jeopardized by a fiduciary's breach of duty, the Secretary of Labor is authorized to bring suit, but the Board and executive director *are not*. Even in such a situation, Department of Labor attorneys are subject to the Attorney General's direction and control. *Id.* § 8477(e)(4)(A).

An appropriate order accompanies this memorandum.

### ORDER

For the reasons set forth in a memorandum issued contemporaneously herewith, the motion to dismiss of defendant American Management Systems, Inc. is **granted**.