UNITED STATES of America,
Plaintiff,

v.

B.C. ENTERPRISES, INC. d/b/a/ Aristocrat Towing; and Aristocrat Towing, Inc.,; Defendants.

Civ. No. 2:08cv590.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 10, 2010.

---

Amber Rachelle Standridge, Daniel Hupil Yi, United States Department of Justice, Washington, DC, Kevin J. Mikolashek, United States Attorney's Office, Alexandria, VA, for Plaintiff.

Robert Greenway Byrum, Shames & Byrum, Chesapeake, VA, S. Lawrence Dumville, Norris & St. Clair PC, Virginia Beach, VA, for Defendants.

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

ROBERT DOUMAR, District Judge.

This matter comes before the Court on a Motion for Judgment on the Pleadings, filed by Defendant B.C. Enterprises, Inc. and Defendant Aristocrat Towing, Inc. (collectively, "Defendants") on December 16, 2009. Defendants sold at least twenty vehicles owned by active-duty servicemembers at auction between 2004 and 2009. The United States has filed suit against Defendants on behalf of these servicemembers. The United States claims that these sales were in violation of § 537(a)(1) of the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. app. § 537(a)(1). In its Amended Complaint, the United States requested declaratory and injunctive relief, as well as "appropriate monetary damages to ... each identifiable victim of Defendant's violation of the SCRA." (Am. Compl. at 2).

On November 6, 2009, the Court issued an Order granting Defendants summary judgment with regard to the United States' claim for injunctive relief, while granting the United States summary judgment with regard to Defendants' liability for monetary damages. *See United States v. B.C. Enterprises,* 667 F.Supp.2d 650, 664 (E.D.Va.2009) (holding "that the undisputed facts in this case establish that Defendant B.C. Enterprises and Defendant Aristocrat Towing are liable for their violations

of the SCRA"). The Court continued this matter for trial to determine damages. *See id.*

Shortly thereafter, another Court in this District issued an opinion holding that § 537(a)(1) does not create a private right of action for damages in favor of a servicemember. Specifically, in *Gordon v. Pete's Auto. Serv. of Denbigh,* 670 F.Supp.2d 453, Judge Smith held that § 537 "gives the court the authority to suspend, set-aside, or vacate [an unlawful foreclosure or enforcement of a lien], not to grant the plaintiff damages." (E.D.Va.2009) (Mem. Final Order & Op. at 455 n. 4). Finding that plaintiff's only remedy was a state law claim for conversion, Judge Smith dismissed the case for lack of jurisdiction. (*Id.* at 455).

Relying on *Gordon,* Defendants argue that there is "no support for an award of damages under the Act," and therefore "this action should be dismissed for want of legal authority to grant the relief requested." (Defs.' Br. 5). Defendants also argue that the Court lacks jurisdiction over this action. (*Id.* at 6).

The Court finds Defendants arguments to be without merit. As this Court has previously held, "the government has a *non-statutory* right to sue under the SCRA which is supported by its strong interest in the national defense and its need to enforce statutes that protect the interests of those in the armed forces." *United States v. B.C. Enterprises,* No. 2:08cv590 (E.D. Va. June 23, 2009) (order denying motion to substitute plaintiff) (emphasis added). *See also United States v. Arlington County,* 326 F.2d 929, 932–33 (4th Cir.1964). Unlike a private plaintiff, the United States may bring an action for damages on behalf of a servicemember, even in the absence of a statutory grant of authority to do so. *Cf. United States v.*

*Nat'l Capital Storage & Moving Co.,* 265 F.Supp. 50, 53 (D.Md.1967) (allowing United States to bring damage action against storage company that sold servicemembers' property in violation of federal law). The question addressed in *Gordon*—whether § 537 confers a statutory right of action on a private plaintiff—is irrelevant to the case at hand. As implicitly stated in the Court's previous Order, the United States has a private right of action for damages. Defendants' Motion for Judgment on the Pleadings is hereby **DENIED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Navy Lieutenant Yahya Jaboori was deployed to Iraq on March 28, 2007. At the time of his deployment, a 1991 Acura registered in Lieutenant Jaboori's name was parked in a Virginia Beach apartment complex. In early June of 2007, Defendants towed Lieutenant Jaboori's car. On July 28, 2007, Defendants sold the Acura at an auction without a court order.

The United States filed suit against Earnest A. Cooper, Jr., ("Cooper") and Defendant B.C. Enterprises ("B.C. Enterprises") on December 10, 2008. In its Complaint, the United States alleged that the sale of Lieutenant Jaboori's vehicle was in violation of the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. app. § 537(a)(1). In ¶ 14 of the Complaint, the United States further stated as follows:

Upon information and belief, Defendants may have injured other servicemembers by enforcing storage liens on the vehicles of servicemembers without court orders, in violation of the SCRA. Any such aggrieved persons may have suffered damages as a result of Defendants's conduct.[1]

1. The "Defendants" referenced in the initial complaint are Cooper and B.C. Enterprises.

(Compl. ¶ 14). The United States requested an award of damages for "each identifiable victim" of Defendants' SCRA violations, as well as injunctive and declaratory relief. (Compl. 3). Through the ongoing course of discovery, the United States has identified at least twenty servicemembers whose vehicles were sold at auction without a court order.

On May 15, 2009, Cooper and B.C. Enterprises filed a Motion to Substitute Plaintiff Pursuant to Federal Rule of Civil Procedure 17 or, in the Alternative, to Dismiss the Complaint for Lack of Standing. In support of this Motion, Cooper and B.C. Enterprises argued that "[t]he SCRA does not confer standing on the United States or authorize it to bring suit on behalf of servicemembers."

The Court denied the Motion. On June 23, 2009, the Court issued an Order holding that "[a]lthough the SCRA does not explicitly vest in the United States the authority to sue on behalf of members of the armed forces, the government has a non-statutory right to sue under the SCRA which is supported by its strong interest in the national defense and its need to enforce statutes that protect the interests of those in the armed forces." In reaching this conclusion, the Court relied heavily on the Fourth Circuit's opinion in *United States v. Arlington County*, 326 F.2d 929 (4th Cir.1964).

On November 2, 2009, the United States amended its Complaint to add Aristocrat as a Defendant. The parties filed cross-motions for summary judgment. The Court ruled on these motions on November 6, 2009. *See United States v. B.C. Enterprises*, 667 F.Supp.2d 650 (E.D.Va. 2009). The Court granted summary judgment to Cooper, finding that "his conduct in enforcing a storage lien was not in violation of the statute." The Court also granted Defendants' motion for summary judgment as to injunctive relief. *Id.* The

Court denied Defendants' motion for summary judgment as to damages, however, and granted the United States' motion for summary judgment as to damages. *Id.* The Court continued this matter for trial to determine the extent of damages. *Id.*

## II. PRESENT MOTION

On December 16, 2009, Defendants filed a Motion for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendants argue that an action for damages "is not authorized by any provision of the Servicemembers Civil Relief Act." In support of their argument, Defendants cite *Gordon v. Pete's Auto Service of Denbigh, Inc.*, 670 F.Supp.2d 453 (E.D.Va.2009). *Gordon* involved a civil action for damages pursuant to § 537 of the SCRA, filed by a servicemember who alleged that the defendants had unlawfully sold his car. Judge Smith dismissed his claim for lack of jurisdiction. She held that § 537 "is neither a substantive grant of civil immunity nor a cause of action for servicemembers, but is a procedural mechanism designed to *preserve* servicemembers' legal rights and remedies, which would otherwise be prejudiced while they are absent and answering the call of duty." *Id.*

Defendants urge the Court to apply *Gordon* to the case at hand, and to dismiss this action "for want of legal authority to grant the relief requested." They argue that a damage remedy "is not authorized under SCRA." They further argue that the United States lacks jurisdiction, because the United States is not "expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.

The United States argues that § 537 does provide a federal cause of action for damages. According to the United States, "[e]very federal court, with the exception of *Gordon*, that has considered the ques-

tion ... has concluded that such an action exists." The United States further argues that this Court has jurisdiction over the case by virtue of the United States' presence in the action, and by virtue of federal question jurisdiction.

## III. ANALYSIS

■ The question of whether § 537 creates a statutory cause of action is a difficult one, and an issue that has divided the federal courts. *Compare Gordon,* 670 F.Supp.2d 453 (E.D.Va.2009) (finding no cause of action), *with Linscott v. Vector Aerospace,* No. 05cv682, 2006 WL 240529, at *5–7 (D.Or. Jan. 31, 2006) (recognizing cause of action). The Court need not resolve this question, however, because the United States possesses a *non-statutory* cause of action to enforce § 537 through a civil action for damages. As this Court stated in a previous Order, the United States has "the 'non-statutory right' to maintain a suit under the SCRA to protect the property interest of" injured servicemembers. *United States v. B.C. Enterprises,* No. 2:08cv590 (E.D. Va. June 23, 2009) (order denying motion to substitute plaintiff); *see also United States v. Arlington County,* 326 F.2d 929, 932 (4th Cir. 1964); *United States v. Nat'l Capital Storage & Moving Co.,* 265 F.Supp. 50, 54 (D.Md.1967). Accordingly, Defendants' arguments are without merit.

■ The federal government enjoys what may be termed "quasi-sovereign standing to sue to protect the general interests of the public." 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3531.11 (3d ed. 2009). This standing arises from the very nature of sovereignty, and is not dependent on statutory authorization. *See, e.g., United States v. Brand Jewelers, Inc.,* 318 F.Supp. 1293 (S.D.N.Y. 1970) (United States has non-statutory right to sue to enjoin abuse of legal pro-

cess); *United States v. City of Shreveport,* 210 F.Supp. 36, 37 (W.D.La.1962) (United States has non-statutory right to sue to enjoin operation of segregated airport facilities).

The precise contours of the United States' nonstatutory authority to bring suit "are difficult to fathom and they have received differing interpretations in the decided cases." *United States v. Solomon,* 563 F.2d 1121, 1127 (4th Cir.1977). The Fourth Circuit has clearly held, however, that the United States may bring suit to enforce "a congressionally authorized program relating to national defense." *Id.* In *United States v. Arlington County,* the Fourth Circuit addressed the question of whether the United States could bring suit to enforce a tax exemption provision contained in § 574 of the Soldiers' and Sailors' Civil Relief Act of 1940, Pub. L. No. 108–189, § 100, 54 Stat. 1179 (1940) (codified as amended 50 App. U.S.C. § 502). Critically, the Court did not look to the text of § 574 or to the Supreme Court's jurisprudence on implied rights of action in answering this question. *See Arlington County,* 326 F.2d at 931–33. Instead, the Fourth Circuit looked to *In re Debs,* an early Supreme Court case recognizing the United States' inherent right to seek an injunction to protect interstate commerce. *See id.* (citing *In re Debs,* 158 U.S. 564, 584, 15 S.Ct. 900, 39 L.Ed. 1092). Relying on *Debs,* the court held "that the interest of the national government in the proper implementation of its policies and programs involving the national defense is such as to vest in it the *non-statutory* right to maintain this action." *Id.* (emphasis added).

The holding of *Arlington County* has been extended to a case similar to the one at bar. In *United States v. Nat'l Capital Storage & Moving Co.,* the United States brought a damage action against a storage

company for the unlawful sale of service-members' personal items. 265 F.Supp. 50, 53 (D.Md.1967). The district court rejected the argument that the United States lacked standing to bring suit, relying on *Arlington County.* *See id.*

■ Having reviewed the Fourth Circuit's reasoning in *Arlington County,* the "same considerations persuade this Court to allow the United States to bring the action at bar." *United States v. B.C. Enterprises,* No. 2:08cv590 (E.D. Va. June 23, 2009) (order denying motion to substitute plaintiff). Although the United States is bringing this action to enforce a statutory provision different from the one at issue in *Arlington County,* the United States' interest in enforcing the statute is of equal weight. The purpose of the SCRA is to "provide for, strengthen, and expedite the national defense through protection ... to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation." 50 App. U.S.C. § 502(1). A civil action under § 537 directly promotes this interest. In war, a person facing an enemy must be able to focus on accomplishing the task at hand. This is difficult if the individual is more concerned about what has happened to his or her automobile—which may be the servicemembers' greatest asset.

The United States' interest in enforcing § 537 is particularly compelling because without civil enforcement by the United States, § 537 offers little protection to servicemembers. Clearly the knowing violation of the statute in relation to an automobile is a misdemeanor, and as such the servicemember may be awarded restitution of thousands of dollars. *See United States v. Bomar,* 8 F.3d 226 (5th Cir. 1993).[2] The government, in its use of members of the services—especially those deployed to combat zones——is entitled to personnel who are unfettered by the problems of the loss or disappearance of a substantial asset and are able to concentrate on the difficulties encountered in a war zone by those fighting a war. A servicemember can bring a suit to "suspend, set-aside, or vacate" the unlawful enforcement of a storage lien. *Gordon,* 670 F.Supp.2d 453 (E.D.Va.2009). But this remedy is presumably unavailable if the property in question has been sold to a bona fide purchaser. Without the threat of civil enforcement by the United States, lienholders have a perverse incentive to sell servicemembers' property quickly, so as to avoid a possible civil suit from the servicemember. The United States' right to bring suit is not unlike the right of a guardian to bring suit on behalf of a person under disability.

Judge Smith's decision in *Gordon*—on which Defendants heavily rely—is not to the contrary of the Court's ruling. The Fourth Circuit has clearly distinguished between the question of whether a statute "expressly or impliedly authorizes the filing of [a] suit," and the question of whether a "case is one within the line of authorities permitting the United States to sue even when not authorized by statute." *Solomon,* 563 F.2d at 1126. *Gordon* addresses the former question, but it is the latter question that is pertinent to the case at hand. Accordingly, the Court reaffirms its prior ruling—that the government has a *non-statutory* right to sue under the SCRA which is supported by its strong

2. The Supreme Court has held that the "general rule that the United States may sue to protect its interests .... is not necessarily inapplicable when the particular governmental interest sought to be protected is expressed in a statute carrying criminal penalties for its violation." *Wyandotte Transp. Co. v. United States,* 389 U.S. 191, 201–02, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967). Accordingly, the Court does not view § 537's criminal remedy as precluding a parallel civil action.

interest in the national defense and its need to enforce statutes that protect the interests of those in the armed forces." *United States v. B.C. Enterprises,* No. 2:08cv590 (E.D. Va. June 23, 2009) (order denying motion to substitute plaintiff) (emphasis added).

Because the United States can bring an action for civil damages to enforce § 537, it follows that this Court has jurisdiction over this case. *See Marshall v. Gibson's Prods., Inc.,* 584 F.2d 668, 676 (5th Cir. 1978) (United States "needs no additional grant of subject matter jurisdiction to sue in the district courts"); *Brennan v. Buckeye Indus., Inc.,* 374 F.Supp. 1350, 1353 (S.D.Ga.1974).

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings is hereby **DENIED.**

Although this Court believes that *Gordon* is entirely distinguishable from the present case, the Court nonetheless recognizes that this Order involves a controlling question of law as to which there is a substantial ground for difference of opinion. An immediate appeal from this Order will materially advance the ultimate termination of this litigation. Accordingly, the Court **CERTIFIES** this Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants may file an application for appeal within ten days from the entry of this Order. Should Defendants fail to do so, trial will continue in this matter to determine the extent of damages.

The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**